## Case No. 9,637.

### The MINNIE.

[Cited in Baker v. The Slobodna, 35 Fed. 542. Nowhere reported; opinion not now accessible.]

MINNIE, The (MARSH v.). See Case No. 9,117.

## Case No. 9,638.

### The MINNIE MILLER.

[6 Ben. 117.] [1]

District Court, E. D. New York. May, 1872.

SALVAGE—DETENTION OF PROPERTY BY SALVORS —COSTS.

·The ship P. fell in with the brig M. about 175 miles from New York. The brig had lost her masts, but had rigged jury masts, and was making progress towards New York, her destination. The P. took her in tow and towed her till near Sandy Hook, when a tug took her to New York, where she arrived five days after she was taken in tow. Part of her chain having been left on board of the P., was demanded of her, but the master of the P. refused to give it up, saying they should hold it till the salvage was settled. The value of the brig, freight and cargo, was $18,500. *Held*, that the service was not towage merely, but salvage; that $2,250 was a proper amount to be awarded, and that the libellants should not recover costs because of the refusal to deliver up the chain, such costs to be paid by the owners, unless the refusal was shown to have been without the knowledge of the owners, and, in that case, by the master.

[Cited in The Col. Adams, 19 Fed. 796; The Marie Anne, 48 Fed. 748.]

This was a libel by the owners and the master and crew of the ship Pacific to recover salvage for services rendered to the Minnie Miller. The Pacific fell in with the Minnie Miller about 175 miles from New York, dismasted and in distress. Both vessels were bound to New York. The ship took hold of the brig and towed her nearly to Sandy Hook, the service occupying five days. The brig's answer to the libel denied that the service was a salvage service, stating that, though she had lost her masts, yet jury masts had been rigged, by means of which the brig was prosecuting, and could have prosecuted, her voyage, and was not in distress. It was claimed, on behalf of the brig, that the brig was only bound to pay for towage, which she was willing to pay. The value of the brig, freight and cargo was $18 500. It appeared in evidence that a part of the brig's chain, which had been used in towing her, was left on board the Pacific and was brought by her to New York. A demand was made for the chain, but it was not given up, the master of the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Pacific saying that they would keep it till the salvage was determined.

James K. Hill, for libellants.
W. A. Darling, for claimants.

BENEDICT, District Judge. The facts proved in this action disclose a case of salvage service rendered by the ship Pacific to the brig Minnie Miller; and a proper reward to be paid therefor by the brig, her freight and cargo, I judge to be the sum of $2,250, the same to be borne by the brig, her freight, and the cargo, in proportion to their respective values. I give the libellants no costs because of the circumstances attending the detention of the brig's chain by the ship after a demand made therefor

Courts of admiralty are always careful to see that in any case of salvage a proper reward is paid therefor, and they are not only willing but competent to protect salvors in their rights. There is, therefore, seldom, if ever, any excuse for the use of pressure of any kind to secure or even hasten a proper adjustment of the salvor's claim.

In the present instance there was no necessity for retaining possession of the chain, and it should have been promptly returned to the brig, instead of which it was detained, with the notice that it would be held till the salvage was settled, and it is still so held.

To mark my disapproval of such action, I refuse costs, and direct that, in apportioning the salvage, the libellants' costs be charged to the owner of the ship, unless it be made to appear that the captain detained the chain without the knowledge of the owner, in which case the master must bear the costs.