## THE "CONNEMARA."

Where salvors united in a claim for a single salvage service, jointly rendered by them, the owner of the property is entitled to an appeal where the sum decreed exceeds $5,000, although the Circuit Court deemed it proper to apportion the recovery among the salvors according to their respective merits.

MOTION to dismiss an appeal from the Circuit Court of the United States for the District of Louisiana, united with a motion to affirm the decree.

*Mr. Richard De Gray* and *Mr. J. R. Beckwith* in support of the motion.
*Mr. Philip Phillips, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The suit below was by a set of salvors to recover for a single salvage service, and there was but one claim filed for the prop-

erty saved. The total amount of the recovery was $14,198, but in the division among the several parties entitled to share in the recovery some got less than $5,000. Separate and distinct interests were not united in the suit. The service rendered was the joint service of all the salvors, and the recovery was on that account. It was a matter of no consequence to the owners of the property saved how the money recovered was apportioned among those who had earned it. The owners were decreed to pay the salvors for what they, acting together in a common service, had done. In such a suit we think the owners cannot be deprived of their appeal because the court below, in the further progress of the cause, saw fit to apportion the recovery among the salvors according to their respective merits. The decree is, in legal effect, one decree in favor of all the salvors, they having, as between themselves, unequal interests.

In all the cases where we have held that several sums decreed in favor of or against different persons could not be united to give us jurisdiction on appeal, it will be found that the matters in dispute were entirely separate and distinct, and were joined in one suit for convenience and to save expense. Thus, in *Seaver* v. *Bigelows* (5 Wall. 208), separate judgment creditors joined to set aside a fraudulent conveyance of their debtor, and the appeal was from a decree dismissing their bill; in *Rich* v. *Lambert* (12 How. 347), several owners of a cargo, who had distinct interests, united in a libel against the ship to recover for damages done to the goods, and the appeal was from a decree in favor of each owner for his separate loss; in *Oliver* v. *Alexander* (6 Pet. 143), the libel was by seamen to recover their wages, and the decree was in favor of each man separately for the amount due him individually; and in *Stratton* v. *Jarvis* (8 id. 4), the decree was against each claimant of the goods saved by salvage service for his separate and distinct share of the salvage. The cases were heard, so far as the merits were concerned, precisely the same as if separate libels had been filed for each cause of action, and the decrees as entered were as in case of separate suits. *Rich* v. *Lambert*, *supra*. Here, however, the matter in controversy was the amount due the salvors collectively, and not the particular sum to which each was entitled when the

amount due was distributed among them.  As in *Shields* v. *Thomas* (17 How. 3), "they all claimed under one and the same title.  They had a common and undivided interest in the claim, and it was perfectly immaterial to the appellants how it was to be shared among them.  If there was any diffi culty as to the proportions, . . . the dispute was among them selves."

The case, upon the merits, is one which we are not inclined to consider on a motion to affirm.

*Motions denied.*