FARMERS' LOAN AND TRUST COMPANY v. WATERMAN.

1. A party to a suit cannot appeal from a decree therein rendered, if he is not thereby affected.
2. Where parties severally assert in the same suit a separate cause of action, the decrees which are rendered in favor of them respectively cannot be joined to render the amount involved sufficient to give this court jurisdiction. *Ex parte Baltimore & Ohio Railroad Company*, ante, p. 5, cited and approved.

APPEAL from the Circuit Court of the United States for the District of Indiana.

Motion by the appellees to dismiss as to part of them, and to affirm as to the rest.

The facts are stated in the opinion of the court.

*Mr. John M. Butler* in support of the motion.
*Mr. J. D. Campbell* in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These motions present the following facts : —

On the 24th of July, 1877, in a suit pending in the court below for the foreclosure of certain mortgages on the property of the Indianapolis, Bloomington, and Western Railway Company, a decree was entered directing a sale of the mortgaged property and an application of the proceeds to the payment, among others, of " all such . . . claims and sums of money as shall be hereinafter allowed by this court . . . in preference to the liens of the hereinbefore mentioned mortgages or deeds of trust for debts due by said railway company for work, labor, supplies, and material done and furnished during the six months next preceding the first day of December, 1874, . . . which payment for debts due as last aforesaid for six months prior to December 1st, 1874, shall be made into court without prejudice to the right of the Farmers' Loan and Trust Company to object to the same, and to appeal from any order or orders which may be hereafter made by the court directing the money so paid to be distributed to the various claimants thereof."

At the time this decree was made, the amount of the debts for labor and supplies was not known. That matter had been

referred, on the 4th of June before, to certain special masters to take testimony and report, but their report was not filed. To meet this condition of the case, the decree further provided that on the delivery of the deed the purchaser should pay into court enough of the purchase-money to satisfy any amount that might in the further progress of the cause be found to be owing. It was also specially provided that the reference to the master, which had been made and which was approved and continued, should " in nowise abridge or impair the right of any of the parties hereto to prosecute an appeal from any order or orders of the court allowing or disallowing said claims, or any part thereof, and declaring the same to be prior and superior to said mortgage."

The Farmers' Loan and Trust Company was the trustee of the mortgages having the paramount mortgage liens on the property.

On the 16th of November, 1877, the special masters filed their report as to the labor and supply claims, allowing eleven hundred and sixty-three separate claims, which had been presented to them by petition in accordance with the provisions of the order of reference, and which, in their opinion, had been established by the evidence. Of these claims only fourteen were for sums exceeding $5,000. All the rest, being eleven hundred and forty-nine in number, were in every instance for less than that amount. On the coming in of the report, numerous exceptions were filed by the Trust Company. These exceptions remaining undisposed of, and no sale having been made under the decree, " on motion of the Farmers' Loan and Trust Company " it was, on the 8th of May, 1878, " by way of further directions for the execution of the decree . . . of date July 24, 1877, . . . considered by the court, and ordered, adjudged, and decreed that the said original decree be, and the same is hereby, amended and modified as follows: . . .

" 13th. That the sale be made . . . subject to . . . such . . . claims and sums of money as are now under consideration by and as shall be hereafter allowed by this court, . . . and affirmed by the Supreme Court of the United States on appeal, should an appeal be taken, in preference to liens of the hereinbefore mentioned mortgages or deeds of trust for debts due by

said railroad company for work and labor done and supplies and material furnished, . . . without prejudice to the right of the Farmers' Loan and Trust Company to object to the same, and to appeal from any order or orders which may be hereafter made by the court in relation thereto; . . .. and such back pay, labor, and supply claims as shall be finally adjudged against the property herein directed to be sold, after an appeal so taken, shall be assumed by the purchaser or purchasers, in addition to the amount of the purchase-money so bid. . . .. And the payment of the amount of any claims so allowed . . . shall not be required to be made at or prior to the time of the delivery of the deed, but the said sale shall be made subject to, and the purchaser or purchasers of said property shall agree to pay off so much of the said claims or sums of money as shall be finally allowed in the progress of this cause, on or after such appeal, and the same shall be paid and discharged by said purchaser or purchasers within six months after the entry of an order of this court, upon a mandate of the Supreme Court concerning matters so appealed from being filed in this court, and the said deed shall be delivered without payment of said claims or sums of money, or any part thereof, upon the purchaser so conditionally agreeing to pay so much and no more of such claims and sums of money as may finally be allowed on such appeal, and it shall be competent for the court to enforce hereafter, by proper order or decree herein, or to be added to the foot of this decree, any of the provisions or conditions of this thirteenth article of this decree."

On the 30th of October, 1878, the mortgaged property was sold under the decree of July 24, as thus modified, to Austin Corbin, Giles E. Taintor, and Josiah B. Blossom, " purchasing committee, in trust for certain bondholders under the trusts expressed in certain agreements, dated December 20th, 1875, and a supplement thereto, dated July 25, 1878," copies of which were attached to the report of the sale.   These agreements had reference to a plan adopted by certain of the stockholders, bondholders, and general creditors, for the purchase of the property, and defining their respective interests therein, if the purchase should be made.

The sale was confirmed by the court on the 31st of March,

1879, upon the application of the purchasers, and the master was directed to make and deliver to them a deed of the property, subject, among other things, "to . . . such . . . claims and sums of money as are now under consideration by and as shall be hereafter allowed by the said court, . . . in preference to the liens of the hereinbefore mentioned mortgages or deeds of trust, for debts due by said railroad company for work and labor done and supplies and material furnished during a period not exceeding the six months next preceding the first day of December, 1874, . . . but nothing herein contained shall be taken to prejudice the Farmers' Loan and Trust Company, or the said Austin Corbin, Giles E. Taintor, and Josiah B. Blossom, their successor or successors and assigns, or any of them, to object to the same, or to appeal from any order or orders which may be hereafter made by the said court, or either of them, in relation thereto to the Supreme Court of the United States, which said . . . back pay, labor, and supply claims . . . finally adjudged against said property hereby conveyed, are hereby expressly assumed by the said Austin Corbin, Giles E. Taintor, and Josiah B. Blossom, purchasing committee, their successor and successors or assigns, as and for a charge and lien upon the property hereby conveyed, . . . prior and superior to any interest or estate hereby vested in them or any of them. . . ."

After this deed was delivered, a further reference was made to take testimony and report as to certain special matters connected with the claims before reported on. Upon the coming in of the report under this last reference, exceptions were filed by the Trust Company and the purchasers, and on the 31st of October, 1881, the court, after a hearing, decreed " that said Austin Corbin, Giles E. Taintor, and Josiah B. Blossom do, within sixty days, excluding Sundays, from and after the date of the decree, pay to said several intervening petitioners and claimants the several amounts set opposite their respective names, that is to say, to Charles F. Webb two hundred and seventy dollars." Then followed the names of all the other separate claimants, with the amount due them respectively set opposite.

From this decree of the 31st of October the Trust Company

and Corbin, Taintor, and Blossom took the present appeal, which the appellees having claims less than $5,000 move to dismiss as to them for want of jurisdiction. Those whose claims exceed $5,000 have filed motions to affirm as to them, on the ground that it is manifest the appeal was taken for delay.

To our minds it is clear the Trust Company has no interest in the questions arising under this appeal. That company represented the bondholders for all the purposes of the foreclosure of the mortgages under which it was trustee, but the interest of the bondholders in the suit ended when the property was sold and the proceeds were distributed. As the purchasers took the property subject to the lien, if any there was, of the back-pay claims, the bondholders, as bondholders, cannot in any manner be affected by the result of the proceedings to determine whether such lien exists, and if so, to what extent. All questions as to such matters are between the purchasers and intervening petitioners alone. The decree ordering a sale subject to the claims was entered on the motion of the Trust Company, and the appeal is in express terms confined to the order establishing the claims against the purchasers. If, by reason of the agreement under which the purchase was made by the purchasing committee, any of the bondholders secured by the mortgages to the Trust Company are entitled to share in the property, they are for all such purposes represented by the purchasing committee, and not by the mortgage trustee. The trust created by the mortgage was fully executed when the foreclosure was complete. After that the purchasing bondholders became purchasers of the mortgaged property, and their rights are to be determined accordingly.

Neither is it of any importance that in the decree of sale as modified, as well as in that originally entered, a right of appeal by the Trust Company was expressly reserved. Only parties to a decree can appeal. If a party to the suit is in no manner affected by what is decreed, he cannot be said to be a party to the decree. A reservation of the right to appeal has no effect if there is no decree from which an appeal such as has been reserved will lie. In the present case, as has already been seen, the several claimants or intervenors and the purchasing

committee were the only parties to the suit affected by the decree of October 31., The purchasing committee became parties by their purchase to the extent that was necessary to protect their rights in the property purchased against any further orders to be made in the execution of the decree under which they bought. The Trust Company, by consenting to the decree ordering a sale subject to the back-pay and supply liens, in effect voluntarily abandoned that part of the litigation, and left it to be carried on thereafter between the several claimants and the purchasers alone. Neither the Trust Company nor those it in equity represents can gain or lose by either a reversal or affirmance of the decree appealed from.

Our jurisdiction, therefore, depends on the case as it stands between the purchasing committee and the several back-pay claimants. As we have shown in *Ex parte Baltimore & Ohio Railroad Company*, *ante*, p. 5, if distinct causes of action in favor of distinct parties, though growing out of the same transaction, are joined in one suit, and distinct decrees are rendered in favor of the several parties, these decrees cannot be joined to give us jurisdiction; but if the controversy is about a matter in which several parties are interested collectively under a common title, and in the decree, after establishing the common right, a division is made among the claimants according to their respective interests, this separation of the decree into parts will not prevent an appeal.

We are satisfied the present case comes under the first division of this rule. There is a question involved common to all the intervenors; that is to say, whether back-pay and supply claims of any kind are to be paid by the purchasers; but if that is settled in favor of the claimants it will still have to be determined whether each one of the separate claimants has a claim of that kind. In determining this question each claim will depend on its own facts. A recovery by one claimant will not necessarily involve a recovery by another. While the rights of all depend on establishing a liability of the purchasers for the payment of debts of a particular kind, no one can recover unless he shows that there is owing to him individually a debt of that kind. There are, therefore, necessarily in the case as many separate and distinct controversies as there are separate

claimants. and intervenors. The purchasers have the right to contest each claim separately. They stand in the same relation to the several claimants that the ship-owner did in *Oliver* v. *Alexander*, 6 Pet. 143, to the seamen, or the alleged fraudulent grantee in *Seaver* v. *Bigelows*, 5 Wall. 208, to the judgment creditors. The several intervenors do not, as in *The Connemara*, 103 U. S. 754, claim under one and the same title, and it *is* material to the purchasers how much is allowed to each and every one, for the amount of the recovery is not determined by any fixed sum, but by the aggregate of all the separate sums allowed the several claimants individually. The amount of the recovery by one is not affected in any manner by what is allowed to another. Clearly, therefore, distinct causes of action in favor of distinct parties have been joined in the same suit, and distinct decrees rendered in favor of the distinct parties. This is not only the form of the decree, but the substance.

There is no question here of a fund for distribution. The purchasing committee bought the road subject to the liens of the various back-pay and supply claimants, if any such liens existed. The claimants are seeking to establish and enforce their respective liens. They, in effect, join in one suit for that purpose, but both their claims and decrees are separate and distinct.

It follows that the motion to dismiss must be granted, and it is so ordered.

The questions involved in the appeals from the decrees for more than $5,000 are not such as we are willing to consider on a motion to affirm. The motion for an affirmance is, therefore,

<div align="right">

*Overruled.*