## THE COL. ADAMS, etc.

*(District Court, S. D. New York. March 22, 1884.)*

1. SALVAGE—VESSEL AND CARGO.
    Where a vessel and cargo, owned by different owners, are libeled for the recovery of salvage, and the different owners file separate answers, claims, and bonds, and one of them claims an apportionment of the salvage, and a sum in gross is agreed upon between the parties, it is the duty of the court to apportion the amount awarded upon the interests of the different owners; it would be error to award a gross sum which might be collected wholly out of the property of either.

2. SAME—APPORTIONMENT.
    Where in such a cause all the issues are referred to a commissioner to hear and determine, *held*, such apportionment is a part of the issues referred; and the commissioner's report having been filed without apportionment, it was sent back on exceptions that such apportionment might be made upon the evidence of the respective values of the vessel and cargo.

3. SAME—AVERAGE BOND.
    If, as alleged, an average bond has been entered into between the parties, affecting the distribution of the salvage, the apportionment made in this action will be without prejudice to the covenants and obligations of the bond.

In Amiralty.

*Jas. K. Hill, Wing & Shoudy,* for libelant.

*Butler, Stillman & Hubbard* and *Wm. Mynderse,* for cargo.

*Owen & Gray,* for The Col. Adams.

BROWN, J. The libel in this case was filed to recover salvage against the vessel, freight, and cargo, all of which were attached. The vessel and cargo were owned by separate owners, who appeared separately, filed separate claims, and gave separate bonds for their respective interests. The claimants of the cargo, in their answer, demanded that, in the event of the libelant's recovery, the amount of recovery should be apportioned upon the cargo, vessel, and freight. By consent, the action was referred to a commissioner "to hear and determine the whole issue, subject to exceptions upon his report." At the close of the libelant's proofs, the claimants of the cargo and the claimants of the vessel and freight united in an offer of $8,000, which the libelants accepted, and which the commissioner reports as the whole salvage allowed. The claimants of the cargo demanded of the commissioner that he should apportion the amount properly chargeable against the cargo; and to that end they gave evidence of the values of the vessel, freight, and cargo. The claimants of the vessel objected to such apportionment, and the commissioner ruled it not within the issue referred to him. The former, therefore, gave no evidence of the relative values of vessel and cargo, and the report contains no apportionment of the amount of salvage to be paid by either.

Upon the hearing of the exceptions, the claimant of the cargo states that an average bond has been entered into between the owners of the vessel and cargo, and that the apportionment should, therefore, be left to be adjusted under that bond. The bond, however, was not

put in evidence, and the claimant of the cargo insists that the report is defective for want of apportionment. In a suit for salvage, where there are separate owners of the vessel and cargo libeled, who appear separately to defend their separate interests, the action is essentially for a several and separate demand against the property of each owner. It would be error, therefore, in the court to treat these separate interests as joint and consolidated, despite the separate answers and claims demanding the recognition of the separate rights of each, or to render a decree for the whole salvage in such a form as to make it collectible wholly from either. Under such several claims and pleadings the court is bound to make the apportionment upon the respective separate interests. This was long since clearly announced by the supreme court in the case of *Stratton* v. *Jarvis*, 8 Pet. 4, where STORY, J., says, (p. 11:)

"It is true that the salvage service was, in one sense, entire; but it certainly cannot be deemed entire for the purpose of founding a right against all the claimants jointly, so as to make them all jointly responsible for the whole salvage. On the contrary, each claimant is responsible only for the salvage properly due and chargeable on the gross proceeds or sales of his own property, *pro rata.* It would otherwise follow that the property of one claimant might be made chargeable with the payment of the whole salvage, which would be against the clearest principles of law on this subject."

The same question has a direct relation to the right of appeal of the claimants to the supreme court, as dependent upon the amount involved, since this right is to be determined according to the amount chargeable against each severally. *Stratton* v. *Jarvis, supra; The Connemara,* 103 U. S. 754; *Ex parte Baltimore & O. R. Co.* 106 U. S. 5; S. C. 1 Sup. Ct. Rep. 35, and cases there cited. An apportionment in some form has been the ordinary practice in such cases, and is clearly a substantial right, which it would be error to disregard. *The Minnie Miller,* 6 Ben. 117; *The Cyclone,* 16 FED. REP. 486, 489. The apportionment of the salvage was, therefore, a material part of the issue referred to the commissioner; and as under his ruling the owner of the vessel gave no evidence of value, the case must be sent back that an apportionment may be made upon such proofs as the parties may offer. If an average bond has been entered into between the parties, any apportionment ordered by the court in this action would be without prejudice to the covenants and obligations of such a bond, so far as the subject of salvage is covered by it. An order may be entered in accordance herewith.