DAVIES, Collector, *v.* CORBIN & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Submitted April 14, 1884.—Decided October 27, 1884.

An order awarding a peremptory writ of mandamus which directs the collector of taxes of a county to collect a tax that had been duly levied and extended on the county tax books is a final judgment subject to review when the other conditions exist.

The power to review the judgment in a proceeding for mandamus to enforce the collection of a tax to pay all judgment creditors of a specified class, depends upon the amount of the whole tax ordered to be collected, and not upon the amount of the judgment debts due to each or any individual petitioner.

Motion to dismiss. The facts on which the motion was founded

were these : Each of the defendants in error recovered a separate and distinct judgment in the Circuit Court of the United States for the Eastern District of Arkansas against the county of Chicot. The aggregate of all the judgments was much more than $5,000, but the amount due upon each is not stated. After the judgments were recovered, the several plaintiffs commenced proceedings in the Circuit Court to compel the county court of the county to levy a tax for the payment of the amounts due them respectively. The result of these proceedings was that, after the several writs of mandamus were issued, " by the consent of the relators, and by and with the approval and consent of the Circuit Court, it was agreed that if the county court . . . would levy a tax of ten mills upon the property of said county and collect the same, said tax to be distributed *pro rata* among the judgments so recovered by the relators and others against said county " in the Circuit Court, " that such levy, collection and distribution would be accepted by the relators and the other judgment creditors, as a sufficient compliance by said county court with the commands of the said writs of mandamus." The county court carried out this agreement and levied the tax, which was in due form of law extended on the tax books and placed in the hands of Davies, the collector of the taxes of the county, for collection with the other taxes for that year. After the tax book was delivered to the collector he undertook the collection thereof, as he was bound in law to do, and proceeded until, " on the 29th day of January, 1884, being the last day of the January term of the Chicot County Court, there was filed in open court a complaint in equity, by one Alice R. Hamlet, against " him, " setting up among other facts, that she was the owner of certain lands in Chicot County, assessed, for the year 1883, at $400; that no valid assessment had been made of said lands for various reasons therein set forth ; that the board of equalization for said county, which met on the 19th day of June, 1883, was illegally organized, and proceeded, in violation of law, to alter and change the assessments of real and personal property turned over to it by the clerk of said county ; and averring that assessments were not legally *equalized*, and that there

is no valid assessment of property in said county for the year 1883, and that the taxes levied on said assessments cannot be legally enforced by sale or otherwise, against the objection of the tax-payers of said county." The complaint further set forth "the various assessments or rates of taxes levied by the county court for different purposes for the year 1883, including ten mills to pay the judgments against said county" in the Circuit Court. Under this complaint "a temporary restraining order was made by the Hon. John M. Bradley, judge of said court, forbidding" the collector "from collecting any portion of said ten-mill tax." In obedience to this injunction, the collector stopped the collection of the "ten-mill tax," though he went on with all the rest.

Thereupon all the relators united in an application to the Circuit Court for a rule on the collector to show cause why a peremptory writ of mandamus should not issue commanding him to proceed with the collection of the ten-mill tax. The collector appeared in obedience to the rule, and for cause showed that he had been enjoined by the State court from making the collection. The parties went to a hearing on the application of the relators and the return of the collector to the rule. The Circuit Court, after hearing, awarded the writ, and for the reversal of an order to that effect this writ of error was brought, by the collector. The relators then moved to dismiss the writ for the following reasons: "First.—Because the said writ of error is sued out upon an order of said Circuit Court for the enforcement of its peremptory writ of mandamus, theretofore duly and regularly issued in accordance with law and the practice of said court, which order is not a *final judgment* of said Circuit Court, and is, therefore, not such a judgment, order or proceeding as can legally be brought to this court by writ of error, and is not within the jurisdiction of this court. Second.—And because the amount in controversy does not exceed the sum of five thousand dollars, wherefore the same is not within the jurisdiction of this court."

*Mr. B. C. Brown, Mr. E. W. Kimball* and *Mr. C. P. Redmond* in support of the motion.—I. The judgment below was not a

final judgment to which a writ of error lies. *Boyle* v. *Zacharie*, 6 Pet. 648; *Pickett's Heirs* v. *Legerwood*, 7 Pet. 144; *Evans* v. *Gee*, 14 Pet. 1; *Ames* v. *Smith*, 16 Pet. 303; *Brockett* v. *Brockett*, 2 How. 238; *Wylie* v. *Coxe*, 14 How. 1; *Connor* v. *Peugh's Lessee*, 18 How. 394; *Doswell* v. *De La Lanza*, 20 How. 29; *McCargo* v. *Chapman*, 20 How. 555; *Callan* v. *May*, 2 Black, 541; *Gregg* v. *Forsyth*, 2 Wall. 56; *Sparrow* v. *Strong*, 3 Wall. 97, 103; *Barton* v. *Forthsyth*, 5 Wall. 190; *Cooke* v. *Burnley*, 11 Wall. 659, 672.—II. The amount in controversy is not sufficient to give jurisdiction. No tax-payer will pay on the levy more than $1,500. If not the amount which each tax-payer has to pay, on this levy, then the amount which each creditor, separately, will receive from this levy, so far as value is concerned, fixes the jurisdiction of this court. *Clifton* v. *Sheldon*, 1 Black, 494; *Rich* v. *Lambert*, 12 How. 347; *Oliver* v. *Alexander*, 6 Pet. 143; *Stratton* v. *Jarvis*, 8 Pet. 4; *Seaver* v. *Bigelows*, 5 Wall. 208; *Paving Company* v. *Mulford*, 100 U. S. 147; *Terry* v. *Hatch*, 93 U. S. 44; *Chatfield* v. *Boyle*, 105 U. S. 231; *Russell* v. *Stansell*, 105 U. S. 303; *Parker* v. *Morrill*, 106 U. S. 1.

*Mr. A. H. Garland* for plaintiff in error, *contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. He stated the facts in the foregoing language, and continued: The relators moved to dismiss the writ, because, 1, an order awarding a peremptory writ of mandamus is not a "final judgment;" and, 2, the value of the matter in dispute does not exceed $5,000, inasmuch as no one of the relators will be "entitled to receive of the tax collected so much as five thousand dollars, and no single tax-payer will be required to pay that amount of tax." A motion to affirm, as allowed by Rule 6, § 5, has not been united, as it very properly might have been, with this motion to dismiss.

As to the first objection, it is sufficient to say that the practice of the court has always been the other way. Our reports are full of cases in which jurisdiction of this kind has been entertained, and from 1867, when *Riggs* v. *Johnson County*,

6 Wall. 166, was decided, until now, our power to review such orders as final judgments has passed substantially unchallenged. While the writ of mandamus, in cases like this, partakes of the nature of an execution to enforce the collection of a judgment, it can only be got by instituting an independent suit for that purpose. There must be, first, a showing by the relator in support of his right to the writ; and, second, process to bring in the adverse party, whose action is to be coerced, to show cause, if he can, against it. If he appears and presents a defence, the showings of the parties make up the pleadings in the cause, and any issue of law or fact that may be raised must be judicially determined by the court before the writ can go out. Such a determination is, under the circumstances, a judgment in a civil action brought to secure a right, that is to say, process to enforce a judgment. The proceeding may be likened to a creditor's bill in equity, which is resorted to in aid of execution. The writ which is wanted cannot be had on application to a ministerial officer. It can only issue after a judgment of the court to that effect in an independent adversary proceeding instituted for that special purpose. Such a judgment is, in our opinion, a final judgment in a civil action, within the meaning of that term as used in the statutes regulating writs of error to this court.

The second objection is, to our minds, equally untenable. The writ which has been ordered in this case is not like that in *Hawley* v. *Fairbanks*, 108 U. S. 543, to compel the levy of taxes to pay separate and distinct judgments, in favor of several relators, who, for convenience and to save expense, united in one suit to enforce their respective rights, but to compel a tax collector to collect a single tax which has been levied for the joint benefit of all the relators, and in which they have a common and undivided interest. As in the cases of *Shields* v. *Thomas*, 17 How. 3, 5, and *The Connemara*, 103 U. S. 754, all the relators claim under one and the same title, to wit, the levy of a tax which has been made for their benefit. They have a common interest in the tax, and it is perfectly immaterial to the tax collector how it is divided among them. He has no controversy with them on that point; and if there is any difficulty

as to the proportions in which they are to share the proceeds of his collections, the dispute will be among themselves and not with him. He cannot act upon separate instructions from the several creditors. His duty is to collect the tax for the benefit of all alike. A payment of the judgment of one creditor would not relieve him from his obligation to collect the whole tax. The object of the proceeding is, not to raise the sums due the relators, but to raise the whole tax of ten mills on the dollar. As the matter stands, each relator has the right to have the whole tax collected for the purpose of distribution among all the creditors. It is apparent, therefore, that the dispute is between the tax collector on one side and all the creditors on the other, as to his duty to collect the tax as a whole for division among them, after the collection is made, according to their several shares. The value of the matter in dispute is measured by the whole amount of the tax, and not by the separate parts into which it is to be divided when collected. It is conceded that the amount of the tax is more than $5,000.

*The motion to dismiss is overruled.*