## ESTES *v.* GUNTER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

Submitted March 28, 1887. — Decided April 4, 1887.

G being embarrassed, assigned his property, amounting in value to more than $5000, to S for the benefit of his creditors, with preferences in favor of E to the amount of $10,000. B, an unpreferred creditor, sued out a writ of attachment for $3000, which was followed by similar writs on behalf of other creditors. E filed a bill in equity against G and S and B, and other attaching creditors, to enjoin a sale under the attachments and to have the assignment declared valid; but during the progress of the suit dismissed the suit as to the other attaching creditors. The bill was dismissed on the ground that the assignment was made to hinder and delay creditors. E appealed to this court. On a motion to dismiss on the ground that the claim of B was not sufficient to give this court jurisdiction: *Held*, that the court had jurisdiction, the suit being brought not simply to defeat B's attachment, but to establish the assignment and make it available for E's benefit.

Motion to dismiss. The case is stated in the opinion of the court.

*Mr. Edward Mayes* and *Mr. H. M. Sullivan* for the motion.

*Mr. Luke E. Wright* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a motion to dismiss, on the ground that the value in dispute does not exceed five thousand dollars. The record shows this: On the 25th of March, 1882, S. H. Gunter, a merchant doing business at Sardis, Mississippi, being unable to pay his debts in full, made an assignment of his stock of goods on hand, and the debts due him by note and book account, to S. G. Spain, for the benefit of his creditors, but with a preference in favor of Estes & Doan to the amount of $10,000 on a debt due them of $12,000 or over. Other creditors to a much smaller amount in the aggregate were also preferred. The

stock of goods was valued at over $12,000, and the notes and accounts were nominally more than $25,000.

A day or two after the assignment Bickham & Moore and three other firms sued out writs of attachment on their respective claims against Gunter, and seized the assigned property. The attachment in favor of Bickham & Moore was first issued for a debt of $3000, and levied on a part only of the stock. The other creditors levied on that taken under this prior attachment, and also on the rest. The ground of the attachments was, that the assignment had been made to hinder and delay creditors, and was therefore void.

While the property taken under these attachments was in the hands of the sheriff, Estes & Doan, on the 17th of April, brought this suit against Spain, the assignee, the several attaching creditors, and the other preferred creditors, to enjoin a sale of the property under the attachments, to have a receiver appointed to take charge of the property and convert it into money pending the suit, to have the assignment declared valid with its preferences, and for a payment to Estes & Doan of the $10,000 to which they were entitled according to its terms. To this bill none of the defendants appeared, except the attaching creditors, and they filed a joint answer, in which they set up the fraudulent character of the assignment. Spain, the assignee, was served with process, but he did not appear, and as to him the bill was taken for confessed.

Upon the filing of the bill the injunction prayed for was granted, and a receiver appointed to take charge of the property and convert it into money, the proceeds to abide the event of the suit. From an affidavit of that receiver, filed in support of our jurisdiction, it appears that he has already realized more than $5300, which has been paid into the registry of the court, or for which he is accountable.

In the progress of the cause Estes & Doan voluntarily dismissed the bill as to all the attaching creditors except Bickham & Moore, and from that time on they and Spain, the assignee, were the only defendants in court. On the 3d of March, 1884, the court, after a hearing of the cause, " being satisfied that complainants are not entitled to the relief sought," dissolved

the injunction and dismissed the bill. From the opinion of the court, which has been sent up with the transcript, it appears that this was done because the evidence showed that the assignment was made to hinder and delay creditors, and was, therefore, void. This was, of course, equivalent to a decision that Estes & Doan could not be paid their preferred debt out of the fund in court in accordance with the terms of the assignment. From that decree this appeal was taken.

The suit was brought, not only to defeat the attachment of Bickham & Moore, but to establish the assignment and make it available for the payment of the preference in favor of Estes & Doan to the the extent of $10,000, if the assigned property produced that sum. It has produced $5300, and there is nothing to show that more may not be realized from it hereafter. Spain, the trustee, is a party to the suit, and the effect of the decree is not only to prevent him from paying to Estes & Doan the amount claimed by Bickham & Moore under their attachment, but anything besides. The decree is not that Bickham & Moore be paid their debt, but that nothing be paid to the complainants. The distribution of the fund in court is to be made hereafter as law and justice may require. The effect of what has been done is to defeat the claim which Estes & Doan have set up in their bill, and, so far as now appears, it matters not to them what disposition is made of the assigned property. That can be determined hereafter when the rights of other parties shall be presented in proper form. The case is, therefore, in principle, like *Shields* v. *Thomas*, 17 How. 2, 3; *Market Company* v. *Hoffman*, 101 U. S. 112; *The Connemara*, 103 U. S. 754; *The Mamie*, 105 U. S. 773; *Davies* v. *Corbin*, 112 U. S. 36.

*The motion to dismiss is overruled.*