## BAKER *v.* POWER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Submitted January 9, 1888. — Decided January 16, 1888.

An appeal can be taken from a decree of a Circuit Court of the United States, entered under the supervision and by the direction of the district judge of the district sitting in the Circuit Court, although he may under the provisions of Rev. Stat. § 614, have had no right to a vote in the cause.

MOTION TO DISMISS, "because the judgment in the Circuit Court from which this appeal was taken was rendered without consent of appellees by the judge of the United States District Court of said district, sitting in the Circuit Court upon an appeal from his decision as district judge." The following statement accompanied the motion.

"Appellants filed a libel in admiralty against appellees in the United States District Court for the District of Minnesota to recover damages alleged to have been sustained by collision, &c. The District Court dismissed the libel, and the libellants appealed to the Circuit Court. The circuit judge reversed the decree of the District Court, and ordered the cause referred to a commissioner to examine proofs and report to the court the amount of damages. On a rehearing before the circuit justice the decree and order of reference was sustained. The commissioner's report was confirmed by the district judge holding Circuit Court, and a judgment rendered by him, without consent of parties, from which judgment this appeal was taken."

*Mr. William H. Bliss* for the motion.

Can a district judge render judgment in the Circuit Court in a case appealed from his decision? If not, then the judgment from which this appeal was taken is not a final judgment, and the appeal must be dismissed.

The very fact that the Circuit Court is the appellate tribunal precludes the idea of the participation of the district judge in any way, in a case of appeal.

Section 614, Rev. Stat. is as follows: "A district judge, sitting in a Circuit Court, shall not give a vote in any case of appeal or error from his own decision, but may assign the reasons for such decision: *Provided*, That such a cause may, by consent of parties, be heard and disposed of by him when holding a Circuit Court sitting alone. When he holds a Circuit Court with either of the other judges, a judgment or decree in such cases shall be rendered in conformity with the opinion of the presiding justice or judge."

The intent and purpose of the enactment, 1 Stat. 74, c. 20, § 4, as it stood until amended in 1867, 14 Stat. 545, c. 185, § 2, was to disqualify a district judge from sitting in circuit and performing any judicial act in an appeal from his decision below.

The amendment of 1867 modified the act by providing, that in case of the absence of the circuit justice, and by consent of parties, the district judge might hear and dispose of the cause. Prior to the amendment he could not, under any circumstances, vote in the cause; he could neither hear nor dispose of the cause; hence, presumably in order to facilitate the transaction of the business of the courts, this proviso was enacted.

If, prior to that date, the district judge could participate in the proceedings, could either hear or dispose of the cause, clearly there would have been no necessity for the amendment.

The law in question seems to have been before this court for construction, for the first and only time, in the case of *Rodd* v. *Heartt*, 17 Wall. 354, which was a motion to dismiss for want of jurisdiction based upon the ground, among others, that the appeal was from a decree of the Circuit Court, reversing a decree of the District Court, and was allowed by the district judge. It was held that, "though upon appeals from the District Court the district judge has no vote in the Circuit Court, he has, in all other respects, the powers of a member of the court, and may, consequently, allow appeals from its

decisions." That is to say, after the decision of the presiding circuit judge has been rendered and final judgment entered by him (as the record in *Rodd* v. *Heartt* shows was the case), the cause is disposed of, and the granting of an appeal from that judgment by the district judge cannot, under any possible construction, be said to be a participation in the proceedings on the appeal from his decision below.

*Mr. James H. Davidson* and *Mr. Henry L. Williams* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. If it be true, as is alleged, but which is by no means clear, that the decree appealed from was rendered by the district judge when he had no vote in the cause, we still have jurisdiction of the appeal. Although the district judge may have had no right to a vote, he was rightfully a member of the Circuit Court, *Rodd* v. *Heartt*, 17 Wall. 354, 357, and a decree of that court entered under his supervision and by his direction would be a decree of the court, good until reversed or otherwise vacated. From such a decree an appeal can be taken.

*Denied.*