TROY BANK OF TROY, IND., et al. v. WHITEHEAD et al.

(Circuit Court, W. D. Kentucky, at Owensboro. December 28, 1910.)

1. COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—JOINDER OF CLAIMS—VENDOR'S LIEN.

A purchaser of real estate executed two vendor's lien notes for $1,200 each, one of which was transferred to each of the plaintiffs, and, not having been paid, plaintiffs joined in a suit in the federal court to recover judgment on the notes and foreclose the lien. *Held*, that the lien which secured both notes was but an incident to the notes, and that the two notes could not be added for the purpose of establishing an amount in controversy sufficient to sustain federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 891; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper. 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—SIGNED NOTE.

Judiciary Act (Act March 3, 1875, c. 137, § 1, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), declares that no Circuit or District Court of the United States shall have cognizance of any suit except on foreign bills of exchange to recover the contents of any note or chose in action in favor of any assignee or subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless suit might have been prosecuted in such court to recover the contents if no assignment had been made. *Held*, that where separate assignees of two vendor's lien notes brought suit thereon in a federal court, and it did not appear that the notes were foreign bills of exchange, or that suit might have been brought in the federal court by the assignor, federal jurisdiction was not shown.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*]

In Equity. Bill by the Troy Bank of Troy, Indiana, and others, against G. A. Whitehead and others. On demurrer to bill. Demurrer sustained, and bill dismissed.

George W. Jolly, for complainants.
J. D. Atchison, for defendants.

EVANS, District Judge. It appears from the bill that on July 18, 1908, one Henry W. Eigenmann and wife by deed conveyed to G. A. Whitehead certain lands in Owensboro, Ky., in consideration: First, of $3,600, which the grantee assumed to pay upon an indebtedness of the grantor to the Owensboro Planing Mill Company, and which

was secured by a previously created and then existing vendor's lien on the property; and, second, of $2,400, which latter sum was evidenced by two promissory notes executed by Whitehead to Eigenmann for $1,200 each, one payable 12 months after date and the other 24 months after date. Subsequently Whitehead and his wife conveyed the lands to the defendant corporation. The bill of complaint gives no intimation as to whether the previous lien for $3,600 has been discharged, nor, if it has not, why the Owensboro Planing Mill Company was not made a party to the action, so that the existence and amount of that lien might be ascertained, and, if desired, a sale made subject thereto. The note due at 12 months was discounted by and transferred to complainant the Troy Bank, and the other note was assigned to complainant Biedenkopf, and the two present owners of the notes have joined as complainants in this action and seek an enforcement of the vendor's lien reserved in the deed to Whitehead to secure the payment of the notes. The complainants also ask "for a judgment against defendant Whitehead for the same if necessary."

The corporation defendant, G. A. Whitehead & Co., has filed a demurrer to the bill, whereby three distinct objections are taken to the jurisdiction of the court. They are:

First. That it does not appear, upon the face of the bill, and it is not shown, that the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000.

Second. That it does appear upon the face of the bill that this court has no jurisdiction of the action in that the complainant Biedenkopf sues upon a separate and distinct note for $1,200 and no more, and that the complainant the Troy Bank sues upon another separate and distinct obligation for $1,200 and no more, and that separate decrees are prayed in their favor respectively, and that they have no joint interest in the two notes.

Before noticing the third ground of demurrer, it will be convenient to dispose of the first two, which may be treated together, as they depend largely, if not altogether, upon the same considerations.

Section 1 of the judiciary act (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]) provides:

"That the Circuit Courts of the United States shall have original jurisdiction * * * of all suits of a civil nature at common law or in equity where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and * * * in which there shall be a controversy between citizens of different states in which the matter in dispute exceeds" the sum or value aforesaid.

Here the complainants being citizens of Indiana and the defendants citizens of Kentucky, and the amount in dispute (which means the amount claimed in the bill) obviously exceeding $2,000 exclusive of interest and costs, the two statutory prerequisites to the jurisdiction of this court are met, provided the claims of the complainants can be united so as to make up the amount in dispute. Whether, in order to maintain the jurisdiction of the court in this case, we are at liberty to add together the separate claims of the complainants, has been the subject of very industrious research and careful consideration.

Undoubtedly, unless the limited jurisdiction of the federal courts prevents, the proper practice would be for both holders of the two promissory notes to join in the suit to enforce a lien in which, obviously, they have a common and an equal interest. 9 Encyclopedia of Pleading & Practice, 268–271. In no jurisdiction, probably, could the holder of either of the notes enforce his lien without making the holder of the other note a party to any suit filed for that purpose. Indeed, each of the equal beneficiaries of the lien would be an indispensable party to the suit. If the holder of one of the notes sued and made the holder of the other note a defendant, the latter, by a cross-bill, could join in a prayer for the appropriate relief. In this instance the vendor's lien was properly created under the law of Kentucky by the terms of the deed to Whitehead. That lien secured both notes—one as much as the other—and, when the vendor assigned the notes and passed the title to one of them to the plaintiff bank and the title to the other of them to plaintiff Biedenkopf, the lien also thereby passed to the new holders of the notes, though the indebtedness continued to be the principal thing to which the lien was an incident. The title to one note passed altogether to the bank. The title to the other passed to Biedenkopf alone. Neither of them has any interest in the note not owned by him nor any interest in the money to be collected upon it. In other words, neither plaintiff either has or claims to have any interest in that part of the purchase money which must go to the other, though each has an equal interest in the incident—the lien.

Is the latter a joint interest or right sufficient to support the jurisdiction, is the question upon which the learned counsel have presented two separate lines of cases, many of which, in terms, relate to the appellate jurisdiction of the Supreme Court, but by analogy they indicate the rules for construing those provisions of the judiciary act which fix the limits of the jurisdiction of the Circuit Courts. The first line (as we shall call it) of such cases is relied upon by the complainants in support of the jurisdiction, while the second of them is advanced in opposition thereto. Our effort has been to find the test by which to determine in which line this case should be placed. There could be no doubt of the jurisdiction if a trustee in whom the right to the lien had vested for the security of both notes had sued, for in that event his suit would have put the entire indebtedness, thus secured, in litigation. Freeman v. Dawson, 110 U. S. 264, 4 Sup. Ct. 94, 28 L. Ed. 141; New Orleans, etc., Ry. v. Parker, 143 U. S. 50, 12 Sup. Ct. 364, 36 L. Ed. 66. Nor would there be any doubt in a case where one tax had been levied for the payment of several demands which in the aggregate exceed $2,000. Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. 4, 28 L. Ed. 627. Equally the jurisdiction could be maintained if the entire estate of a decedent were sued for. Nor would this be affected by the fact that when that entire estate should be recovered it would have to be divided among heirs whose individual shares would be less than $2,000. Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741.

In McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533, the relief sought was the removal of a cloud upon the title to

all the real estate of a decedent. The heirs at law were permitted to unite their undivided interests, though that of neither would separately exceed in value $2,000. The one title was to be cleared.

In Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, it was held that as the several judgments at law obtained in a state court, and which were sought to be enjoined as having been wrongfully obtained, were held in the same right and against the same person, and as their validity depended upon the same facts, the plaintiffs in said judgments might be united as defendants in one bill, although no judgment separately was for the jurisdictional amount. The fact was emphasized that the cases at law were practically one case, as all the plaintiffs in them had agreed to abide by the judgment in one of them.

In The Connemara, 103 U. S. 754, 26 L. Ed. 322, joint claimants of a single salvage united in an action for its recovery, and were decreed $5,000. The jurisdiction was upheld, though the individual share of no one claimant, when the sum was divided by the decree, was sufficient in amount to have given the Circuit Court jurisdiction. In its opinion the court very significantly said that the claimants when suing had a common and undivided interest, and that it was immaterial to the other side how the entire fund was to be shared among the claimants after it was obtained.

There are many other cases to the same effect, but we will only notice the two which appear to come most nearly to complainant's contention. In Clay v. Field, 138 U. S. at page 479, 11 Sup. Ct. at page 425 (34 L. Ed. 1044), after alluding to several cases directly and to others incidentally, the court stated the rule by which that and similar cases should be governed, as follows:

"The general principle observed in all is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone. The principal cases in which the interest has been deemed common and undivided, and appeals have been sustained, are Shields v. Thomas, 17 How. 3 [15 L. Ed. 93]; Market Co. v. Hoffman, 101 U. S. 112 [25 L. Ed. 782]; The Connemara, 103 U. S. 754 [26 L. Ed. 322]; The Mamie, 105 U. S. 773 [26 L. Ed. 937]; Davies v. Corbin, 112 U. S. 36 [5 Sup. Ct. 4, 28 L. Ed. 627]; Estes v. Gunter, 121 U. S. 183 [7 Sup. Ct. 854, 30 L. Ed. 884]; and Handley v. Stutz, 137 U. S. 366 [11 Sup. Ct. 117, 34 L. Ed. 706]."

In New Orleans Pacific Ry. v. Parker, 143 U. S. 43, 12 Sup. Ct. 364, 36 L. Ed. 66, it was held that where the claims of several plaintiffs were united in the same bill, and the determination of the cause necessarily involved the validity of the title under which all claimed if the whole amount involved exceeds $5,000, the Supreme Court had jurisdiction.

If other cases had not furnished a guide for applying the general language used in some of the opinions in the cases we have referred to, our difficulties would have been much increased.

Coming to the second line of cases, we shall only notice two of them specifically. Many of the others are referred to in the opinions in those two.

In Russell v. Stansell, 105 U. S. 303, 26 L. Ed. 989, it appeared that lands in a particular district were assessed for taxation; each owner being liable only for the amount charged upon his land.' It was held that the several persons thus assessed could not unite the several amounts assessed against them separately in order to make up the jurisdictional sum. Quite a number of other cases reassert this proposition.

In Walter v. Northeastern Railroad Co., 147 U. S. 370, 373, 13 Sup. Ct. 348, 349 (37 L. Ed. 206), a bill was filed by the railroad company to enjoin the collection of taxes assessed against it by several counties acting separately but no one of which counties assessed taxes which amounted to $2,000. The Supreme Court held that the separate assessments could not be united for jurisdictional purposes, and that a separate suit must be brought against each county. It was said:

"Is the plaintiff entitled to join them all in a single suit in a federal court, and sustain the jurisdiction by reason of the fact that the total amount involved exceeds $2,000? We think not. It is well settled in this court that when two or more plaintiffs, having several interests, united for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff. This was the distinct ruling of this court in Seaver v. Bigelow. 5 Wall. 208 [18 L. Ed. 595]; Russell v. Stansell, 105 U. S. 303 [26 L. Ed. 989]; Farmers' Loan & Trust Co. v. Waterman, 106 U. S. 265 [1 Sup. Ct. 131, 27 L. Ed. 115]; Hawley v. Fairbanks, 108 U. S. 543 [2 Sup. Ct. 846, 27 L. Ed. 820]; Stewart v. Dunham, 115 U. S. 61 [5 Sup. Ct. 1163, 29 L. Ed. 329]; Gibson v. Shufeldt, 122 U. S. 27 [7 Sup. Ct. 1066, 30 L. Ed. 1083]; Clay v. Field, 138 U. S. 464 [11 Sup. Ct. 419, 34 L. Ed. 1044]."

The general language used in the opinions in the various cases cited must, of course, be construed with reference to the facts of the particular case, and, if at first blush there should appear to be difficulty in the premises, the key for its solution is found, as we think, in Illinois Central Railroad Co. v. Adams, 180 U. S. 28, 40, 21 Sup. Ct. 251, 255 (45 L. Ed. 410). There the railroad company filed its bill against Adams, a revenue agent of the state of Mississippi, to enjoin the collection of over $20,000 taxes assessed against it by the state railroad commission for the benefit of several counties. The court below dismissed the bill for want of jurisdiction, but its decree was reversed. In its opinion the court, after referring to Walter v. Northeastern R. R. Co. and other cases of that class, said:

"These cases are quite distinguishable from those which hold that an action may be maintained for a lump sum, though such sum when collected may be subsequently distributed among various parties, each receiving less than the jurisdictional amount. Shields v. Thomas, 17 How. 3, 4 [15 L. Ed. 93]; Rodd v. Heartt, 17 Wall. 354 [21 L. Ed. 627]; The Connemara, 103 U. S. 754 [26 L. Ed. 322]; New Orleans Pacific Railway Co. v. Parker, 143 U. S. 42 [12 Sup. Ct. 364, 36 L. Ed. 66]."

We find in the part of the opinion which we have extracted what we conceive to be the test by which we may safely differentiate the

principle upon which the two lines of cases to which we have referred proceed. Where a lump sum, or what may be treated as such, is sued for, if it exceed $2,000, the court has jurisdiction regardless of how the amount recovered may ultimately be distributed among the plaintiffs; but, if each party plaintiff has a separate debt in which no other plaintiff has or can have any interest, the separate claims cannot be united to make up the jurisdictional amount. The case before us is not one in which a lump sum is sued for. It is one in which two separate debts belonging absolutely to two separate persons is each less than $2,000. It is not one where a single fund is to be "distributed," nor one where the plaintiffs claim "collectively," nor one in which they have a "common and undivided interest." Here the "common and undivided interest" is not in the indebtedness sued for, which is the principal thing, but is in the lien which is incident thereto. While a common and undivided interest in the indebtedness would, if it existed, sustain the jurisdiction, we think it must be otherwise where that sort of interest exists only in the mere lien. The amount in controversy, within the meaning of the judiciary act, is the indebtedness and not the lien, and, if the jurisdiction must be denied because the act does not authorize the adding together of the two separate debts of two different creditors in order to make up an amount sufficient to sustain the jurisdiction for the purpose of obtaining a judgment for the indebtedness, it necessarily follows that it cannot be done to enforce a mere lien by which the indebtedness is secured. For these reasons we have concluded that this is not a case where the different plaintiffs can unite their claims in order to make up the necessary $2,000.

Upon the authorities we do not doubt that if the demand of either complainant exceeded $2,000, for convenience and economy both might have joined in this action to enforce a lien in which they had an equal interest, although they could not have done so if judgments in personam only had been sought in a suit at law upon the notes. But where the claim of one complainant exceeds $2,000, or where a creditor, by his bill (as in Handley v. Stutz, 137 U. S. 368, 11 Sup. Ct. 117, 34 L. Ed. 706), seeks to subject a trust fund exceeding in amount $2,000 to debts which in the aggregate exceed that sum—in which case the jurisdiction is obvious—the joinder of other persons having other claims with him in a suit to enforce a common lien would become a mere question of equity practice and procedure, and not one of jurisdiction, the existence or nonexistence of the latter not being dependent upon a mere misjoinder.

We therefore hold that the first and second grounds of demurrer should be sustained.

Third. The third ground of demurrer is based upon other provisions of section 1 of the present judiciary act (25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), which reads as follows:

"Nor shall any Circuit or District Court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

This proposition is, of course, jurisdictional in the broadest sense. It indeed excludes any complainant or plaintiff from access to the courts of the United States who is the assignee of a promissory note, unless either: First, such suit might have been brought by the assignor of the note; or, second, unless it was upon a foreign bill of exchange. At least this is so so far as the provision applies to this case. There is no averment in the bill which shows that Eigenmann could have sued here. When he transferred the note to the complainant Biedenkopf, he may have been a citizen of Kentucky, and so he may have been when this action was commenced. Jurisdiction cannot be inferred, but must be expressly shown to exist before we can exercise it. These remarks apply especially to complainant Biedenkopf, but they might equally apply to the Troy Bank, unless it be conceded that its note has been placed upon the footing of a foreign bill of exchange by the law of Indiana. If they apply to either, there would be only one of the complainants who could sue here, and, as his claim alone would be less than $2,000, the jurisdiction might be defeated because of the express provision last referred to. On account of this defect, the third ground of demurrer must also be allowed and sustained.

The complainants may have leave to amend the bill so as to show the citizenship of Eigenmann both at the times of the transfers of the respective notes and at the time of the institution of this suit, and particularly the latter, if they desire to do so before the entry of a judgment dismissing the bill for want of jurisdiction. This might be important if there is a desire to appeal to the Supreme Court.