OHN STRATTON, APPELLANT V. LEONARD JARVIS AND C. H. H. BROWN, APPELLEES.

6

The case was argued by Mr Wirt, for the appellant; and by Mr Mayer, for the appellees.

Mr Mayer, for the appellees,

Mr Wirt, in reply,

Mr Justice STORY delivered the opinion of the Court.

This is the case of a libel for a salvage service performed by the libellant, the master and owner of the sloop Liberty, and by his crew; in saving certain goods and merchandizes on board of the brig Spark while aground on the bar at Thomas's Point in the Chesapeake Bay. The goods were owned by a number of persons, in several and distinct rights; and a general claim and answer was interposed in behalf of all of them by Jarvis and Brown (the owners of a part of them); without naming who in particular the owners were, or distinguishing their separate proprietary interests. This proceeding was doubtless irregular in both respects. Jarvis and Brown had no authority merely as co-shippers to interpose any claim for other shippers with

whom they had no privity of interest or consignment: and several claims should have been interposed by the several owners, or by other persons authorized to act for them in the premises, each intervening, in his own name, for his proprietary interest, and specifying it. If any owner should not appear to claim any particular parcel of the property, the habit of courts of admiralty is, to retain such property, or its proceeds, after deducting the salvage, until a claim is made, or a year and a day have elapsed from the time of the institution of the proceedings. And when separate claims are interposed, although the libel is joint against the whole property, each claim is treated as a distinct and independent proceeding, in the nature of a several suit; upon which there may be a several independent hearing, decree and appeal. This is very familiar in practice in prize causes and seizures in rem for forfeitures; and is equally applicable to all other proceedings in rem, whenever there are distinct and independent claimants. The irregularity (such as it is) in the present case, is however of no importance; as the parties, by their agreement of record, have agreed that separate appeals should be filed from the decree of the district court for each of the owners, as specified in a list subjoined thereto, and that the cause should be considered and treated as if such separate appeals were filed, and that none of the appellants should have any privileges or advantages which would not appertain to them if such appeal were a separate one. This agreement, in legal effect, creates the very severance which the original claim and answer ought to have propounded in due form.

At the trial, in the district court, upon the allegations and proofs in the cause, there was no controversy as to the salvage service; and the case was reduced to the mere consideration of the amount to be awarded as salvage. The district court decreed a salvage of one-fifth of the gross proceeds of the sales of the goods and merchandizes, and directed the same to be sold accordingly. The salvage thus decreed was afterwards ascertained upon the sales, to be in the aggregate two thousand seven hundred and twenty-eight dollars and thirty-eight cents; but no formal apportionment thereof was made. From this decree an appeal was interposed in behalf of all the owners of the goods and merchandizes to the circuit court; but no appeal was

interposed by the libellant. The consequence is, that the decree of the district court is conclusive upon him as to the amount of salvage in his favour. He cannot, in the appellate court, claim any thing beyond that amount, since he has not, by any appeal on his part, controverted its sufficiency. Although no apportionment of the salvage among the various claimants was formally directed to be made by any interlocutory order of the district court, an apportionment appears to have been in fact made under its authority. A schedule is found in the record containing the names of all the owners and claimants, the gross sales of their property, and the amount of salvage apportioned upon each of them respectively. By this schedule the highest salvage chargeable on any distinct claimant is nine hundred and six dollars and seventeen cents, and the lowest forty-seven dollars and sixty cents; the latter sum being below the amount for which an appeal by the act of the 3d of March 1803, ch. 93, is allowed from a decree of the district court in admiralty and maritime causes.

. Upon an appeal, the circuit court reversed the decree of the district court, and awarded one-twentieth part (instead of one-fifth) of the gross sales as salvage; and from this latter decree the libellant has appealed to this court.

The first question is, whether this court has jurisdiction to entertain the appeal, the aggregate amount of the whole salvage exceeding the sum of two thousand dollars; but that which is due or payable by any distinct claimant being very far short of that sum. The argument in favour of the jurisdiction is, that the salvage service is entire, and the decree is for a specified proportion or aliquot part of the whole of the gross sales; and therefore it is chargeable upon the proceeds as an entirety, and not upon the separate parcels thereof, according to the interests of the separate owners. We are of a different opinion. In the appeal here, as in that from the district court, the case of each claimant having a separate interest must be treated as a separate appeal, pro interesse suo, from the decree, so far as it regards that interest; and the salvage chargeable on him constitutes the whole matter in dispute between him and the libellant: with the fate of the other claims, however disposed of, he has and can have nothing to do. It is true that the salvage service was in one sense entire; but it certainly

cannot be deemed entire for the purpose of founding a right against all the claimants jointly, so as to make them all jointly responsible for the whole salvage. On the contrary, each claimant is responsible only for the salvage properly due, and chargeable on the gross proceeds or sales of his own property pro rata. It would otherwise follow that the property of one claimant might be made chargeable with the payment of the whole salvage, which would be against the clearest principles of law on this subject. The district and circuit courts manifestly acted upon this view of the matter; and their decrees would be utterly unintelligible upon any other. Their decrees, respectively, in giving a certain proportion of the gross sales, must necessarily apportion that amount, pro rata, upon the whole proceeds, according to the distinct interests of each claimant. We are therefore of opinion, that we have no jurisdiction to entertain the present appeal in regard to any of the claimants; and the cause must for this reason be dismissed. The district court, as a court of original jurisdiction, has general jurisdiction of all causes of admiralty and maritime jurisdiction, without reference to the sum or value of the matter in controversy. But the appellate jurisdiction of this court and of the circuit courts, depends upon the sum or value of the matter in dispute between the parties, having independent interests.

Appeal dismissed accordingly.