ARTHUR SPEAR, CLAIMANT OF THE SCHOONER LUCY ANN AND CARGO, APPELLANT, *v.* HENRY PLACE, LIBELLANT, FOR HIMSELF AND OTHERS.

Where the admiralty court decreed that a vessel should pay salvage to the amount of one fifth of her value, and that value was shown to be $2,600, an appeal to this court would not lie, for want of jurisdiction.

It is the amount of salvage, and not of the vessel, which tests the jurisdiction; the salvage only being in controversy.

The master could not properly represent (without special authority) the consignees of the cargo who had received their respective consignments before the filing of the libel. They lived in the place where the court was held, and ought to have represented their own interests.

The master, therefore, cannot appear for them all conjointly, and in this case the amount of salvage to be paid by the largest consignee would be only $1,136.80.

Neither the salvage upon the vessel or cargo, therefore, is sufficient in amount to bring the case within the jurisdiction of this court.

THIS was an appeal from the District Court of the United States for the State of Texas.

It was a libel filed on the 22d of December, 1848, by Henry Place, master of the steamship Globe, for himself and the other owners of the ship, against the schooner Lucy Ann and cargo, for salvage.

The return of the marshal to the writ of seizure was as follows : —

"Received this writ the 22d day of December, 1848, and executed the same day by seizing the schooner Lucy Ann, her tackle, apparel, and furniture; and on the same day seized certain goods, wares, and merchandise, as per bills and bills of lading hereto attached, and marked No. 1, 2, 3, 4, 5, 6, 7, as furnished by the owners and consignees of said goods, which said goods I left in the possession of the consignees, first taking their receipts to be delivered when called for.

"JAMES H. COCKE, *Marshal,*
By H. B. MARTIN, *D. Marshal.*"

On the 29th of December, 1848, Spear intervened, claiming as follows: —

" To the Honorable John C. Watrous, Judge of the District Court of the United States within and for the District of Texas.

" And Arthur Spear, of the State of Maine, intervening for his interest in the schooner Lucy Ann, as well as for the other owners of said schooner, and for the owners and consignees of the cargo thereof, and for all whom it may concern ; this respondent, the said Arthur Spear, being master of said schooner, and also owner of an interest of about one fourth therein, appears before this honorable court, and claims the said schooner and her said cargo ; and for answer to the libel and complaint of Henry Place, of New Orleans, in the State of Louisiana, against the schooner Lucy Ann, her tackle, apparel, and furniture, and all and singular the goods, wares, and merchandises now or late on board of said schooner, in a cause of salvage, civil and maritime, alleges and articulately propounds, as follows," &c., &c.

The case having been dismissed by this court, for the want of jurisdiction, it is not necessary to state the circumstances which gave rise to the claim for salvage.

On the 3d of January, 1849, Norman Hurd and E. P. Hunt were ordered by the court to appraise the schooner, her tackle, apparel, and furniture, and also the cargo; who appraised the vessel, &c., at $ 2,600, and the cargo at $ 21,325.73, divided amongst several different owners or consignees as follows : —

| | |
|---|---:|
| J. S. Vedder, | $ 5,698.00 |
| J. K. Brown, | 92.89 |
| Perry & Flint, | 100.42 |
| Perry & Flint, for Leyles & Co., | 6.07 |
| Sydnor & Bone, | 9,113.34 |
| Rice, Adams, & Co., for acc. Sampson & Co., | 615.21 |
| Rice, Adams, & Co., for their own acc., | 4,566.11 |
| Rice, Adams, & Co., for Rice & Nichols, | 1,133.69 |
| | $21,325.73 |

On the 30th of January, 1849, the District Court passed the following decree : —

" This cause having been heard by the court upon the pleadings and proofs, and the court being now sufficiently advised in the premises, and it appearing to the satisfaction of the court that the schooner Lucy Ann and cargo, now before the-court libelled against in this cause are of the value of

$ 23,925.73, to wit, said schooner being of the value of $ 2,600, and said cargo of the value of $ 21,325.73, and the same was, on the 18th day of December, 1848, saved from entire loss and destruction by means of assistance rendered by the steamship Globe, whereof Henry Place was master, and Charles Morgan, John T. Wright, Henry Morgan, and C. Harris, owners; it is therefore ordered, adjudged, and decreed by the court, that the libellants, Henry Place, Charles Morgan, John T. Wright, Henry Morgan, and C. Harris, have and recover in full satisfaction for their salvage the one fifth part of the aforesaid gross amount of the aforesaid value of said schooner and cargo, to wit, the sum of $ 4,785.14, and that said schooner and cargo be, and the same are hereby, charged with and subjected to the payment of said amount of salvage; the said schooner and cargo to be charged with the payment of the sum of $ 520 thereof, and the said cargo to be charged with the payment of the sum of $ 4,265.14 thereof. And it is further ordered, adjudged, and decreed, that said schooner Lucy Ann, her tackle, apparel, and furniture, be condemned, and that the same be sold by the marshal of this district for the payment of said sum of $ 520 so assessed thereon as aforesaid, and that said cargo be condemned, and that the same be sold by the marshal of this district, for the payment of said sum of $ 4,265.14 so assessed as aforesaid, and that the proceeds of said schooner and cargo be brought into court to abide the further order of this court herein. And it is further ordered, adjudged, and decreed, that said sales take place on the 24th day of February, 1849, after giving ten days' notice of the time and place of sale, and that all costs and charges in this cause be taxed upon and paid out of the balance of the proceeds of said schooner and cargo after the payment of the aforesaid amount of salvage, unless Arthur Spear, the respondent, shall immediately pay the same into court.

" By agreement of the libellants in this cause, by their proctors, made in open court, it is ordered, adjudged, and decreed by the court, that the sum of $ 4,785.14, decreed to be paid to the libellants in said cause, be distributed, apportioned, and paid to the libellants in proportions as follows, to wit, to Henry Place, the master of the steamship Globe, the sum of $ 250, and to Charles Morgan, John T. Wright, Henry Morgan, and C. Harris, the owners of the steamship Globe, the sum of $ 4,535.14.

From this decree the claimant appealed to this court.

Afterwards the District Court allowed the vessel and cargo to be released, upon payment into court of the amount decreed for salvage and costs.

It was argued by *Mr. Walker*, for the appellants, and *Mr. Coxe*, for the appellee.

*Mr. Coxe* raised the question of jurisdiction as follows.

So far as regards the cargo, the interests of the owners are not properly represented, as has been intimated; as the vessel was bound to Galveston, the presumption is, that the owners or consignees were there.

The principle of law applicable in such case is, that where the principal is without the country, or resides at a great distance from the court, the admission of a claim and test affidavit by his agent is the common course of the admiralty; but where the principal is within a reasonable distance, something more than a formal affidavit is expected; at least a suppletory oath of the principal should be tendered. 9 Cranch, 244. See also Dunlap's Adm. Pr. 161, 162; The Sally, 1 Gallis. 401; The St. Lawrence, 1 Gallis. 467.

Captain Spear, then, if entitled to make any claim in the case, could only represent the vessel, and had no title whatever to represent the cargo; and as the decree of the District Court only affected the vessel to the amount of $ 520, the amount in controversy is not sufficient to give this court jurisdiction. Stratton *v.* Jarvis, 8 Peters, 4; The Warren, 6 Peters, 143; Act of March 3, 1803, c. 40. (2 Stat. at Large, 244).

The appraisement shows that the cargo belonged to several parties, and that there were also several consignees. These interests were entirely distinct; no one represented a sufficient amount to entitle him to appeal to this court. Stratton *v.* Jarvis, 8 Peters, 4.

Mr. Justice WOODBURY delivered the opinion of the court.

A libel was filed in the District Court of Texas, December 22d, 1848, by Place, as master of the steamship Globe, and four others, as owners. It was *in rem* against the schooner Lucy Ann, her tackle and cargo, on a claim for salvage.

The material averments were, that the schooner on the 18th of that month, in a fog, got ashore on the north breakers of the bar at the entrance of the port of Galveston; that the libellant, seeing her danger and signals of distress, assisted in getting her off, and saving the vessel and cargo; and the libel then prayed that all persons interested therein be notified to appear and show cause why the libellants should not have a decree for such money or such proportion of the property saved as is a just compensation for their salvage services.

On the same day a writ of seizure issued against the vessel and cargo, wherever found, and the officer the same day re-

turned, that he had seized the vessel; but after taking the cargo, in the hands of seven different owners and consignees, in various and independent proportions, had left it there, on receiving their receipts therefor.

On the 29th of December, at the time notified, Spear, the master and part owner of the schooner, appeared professedly behalf of himself and other owners of both vessel and cargo, and denied most of the allegations in the libel, and any rightful claim by the plaintiffs for salvage, and prayed for judgment and cost in his own behalf.

It was shown at the trial, by the appraisement and evidence, that the schooner was worth $2,600 and the cargo $ 21,325.73, and after a full hearing of the witnesses the salvage decreed by the court was one fifth of the value, being $ 520 on the schooner, and $ 4,265.14 on the cargo.

From this decree Spear entered an appeal; and the first question presented is whether this court has jurisdiction to sustain .t.

In order to sustain it, the decree must be of the value of $ 2,000, against his own interests, or those of some persons he can properly represent here.

But his own private interests extend only to about one fourth of the vessel, charged with a salvage of less than $ 200; and if he may be considered as properly acting for the other and absent part owners, the decree against the whole vessel is but $ 520, or $ 1,480 less than is necessary to confer on us jurisdiction in this class of cases.

It is the amount of salvage, if any, which is in controversy, and which tests the jurisdiction, and not the value of the vessel or cargo. Wilson *v.* Daniel, 3 Dallas, 401.

The next inquiry is, whether the salvage on the vessel can be made sufficient to give jurisdiction, by adding any interest of the master in the cargo affected by the decree.

But he does not claim, nor appear to have owned, any part of the cargo.

Nor could he properly, as mere master of the vessel, represent or act for any part of the cargo after it was delivered to the consignees, they residing near, as was the case in this instance, at the time of his appearance as well as at the time of his appeal.

Had the salvage against the cargo been claimed at a distance from the owners or consignees, and while it was in his custody or control, he might *ex officio* possess some power, and be liable to some duty, in watching over it, in their absence. The Schooner Adeline, 9 Cranch, 286. But when, as here, his possession and control had entirely ceased, and the consignees lived in the same city where the court was held, and were in full charge of the cargo, no official connection continued, and no other is set up or pretended to be proved.

In strict law, then, it does not seem competent for him to prosecute any appeal in their behalf, separately or in conjunction with his own interests, without showing some special authority from them for that purpose. Several precedents fully sustain this view.

Thus, in the case of the Schooner Sally and Cargo, 1 Gallis. 402, it is laid down, that, "in all cases where it is practicable, it is the duty of the owners to claim in person, or at least to annex their own affidavit to the special facts stated in support of the claim."

Especially is such the case where the owners or consignees are within the jurisdiction of the court; as it is so easy to do it, if desiring any interference; and as, by the master appearing and appealing without their authority, they might be involved in litigation and costs against their wishes. The Ship St. Lawrence and Cargo, 1 Gallis. 469; Dunlap's *Adm. Pr.* 161.

But supposing it were too late, after allowing his appearance below in their behalf, to object to his further prosecution of the claim by an appeal, still the insufficiency of the amount of any one decree, or of any one class of interests in any one person or firm, to justify our jurisdiction, is not removed.

In case of an individual claiming for others in admiralty, the rights of each person or firm represented are supposed to be contained or covered in separate decrees, or separate portions of one decree, as each owns separately, and, if not thus considered, one may have to pay, or be made to suffer, for another. Oliver et al. *v.* Alexander et al., 6 Peters, 143; Stratton *v.* Jarvis et al., 8 Peters, 11.

Here the decree relating to the schooner was against persons, not appearing to be owners of any part of the cargo, and, as before shown, was entirely inadequate in amount to give us jurisdiction.

The consignees of the cargo were likewise seven persons or firms, in distinct or separate lots of goods, valued from about $ 100 in some to the highest in one case of $ 5,678.

There does not appear to have been any joint interest among them; and though the decree below is inartificial, yet each should pay and be ordered to pay the salvage on his own goods, and no others, as much as if each had in person put in a separate claim. 6 Peters, 150; 8 Peters, 11.

"In such a case," says Justice Story, "though the original libel is against the whole property jointly, yet it is severed by the several claims; and no appeal lies by either party, unless in regard to a claim exceeding a sum of $ 2,000 in value. This has been the long and settled practice in the admiralty courts of this country." 6 Peters, 150.

The salvage on the largest claim would be only $ 1,136.80, and would have to be paid by J. S. Vedder, the consignee, in order to prevent a sale of his part of the cargo. From its being under $ 2,000, as we before said, he could not appeal, nor any other person for him, so as to confer jurisdiction on us.

. It follows, then, that, as no one person, either in his own right or in the right of some other person or firm, and as no one lot of the goods, or owner of the vessel, was subject by the decree to pay as much as $ 2,000 in salvage, the appeal must be dismissed for want of jurisdiction.

Were this result more doubtful, we should feel averse to sustain jurisdiction, unless clearly bound to, in a class of appeals like this, not entitled to favor, unless, in the language of Chief Justice Marshall in The Sibyl, 4 Wheaton, 98, "it manifestly appeared that some important error had been committed."

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas, and was argued by counsel. On consideration whereof, it is now here. ordered, adjudged, and decreed by this court, that this cause be, and the same is hereby, dismissed for the want. of jurisdiction.