## RUSSELL v. STANSELL.

Where the land within a particular district was assessed for taxation, each owner being liable only for the amount wherewith he was separately charged, and the bill of complaint, filed by a number of them, praying for an injunction against the collection of the assessment, was dismissed, and they appealed here, — Held, that the several amounts cannot be united to make up the sum necessary to give this court jurisdiction.

MOTION to dismiss an appeal from the District Court of the United States for the Northern District of Mississippi.

*Mr. H. T. Ellett* in support of the motion.

There was no opposing counsel.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Stansell, the appellee, obtained a decree in the District Court of the United States for the Northern District of Mississippi, in June, 1879, against the Levee Board of Mississippi, District No. 1, for $71,623.67. This decree being unsatisfied, he instituted summary proceedings in the same court, under the provisions of the statute creating the levee board, to obtain an assessment and collection of the charge which was imposed on the lands in the district for its payment. On the 7th of February, 1880, the court entered an order which resulted in an assessment by commissioners appointed for that purpose. In this order it was provided that any person conceiving himself aggrieved by the action of the commissioners might, by petition to the court, present his grievance and obtain such redress as he should fairly be entitled to. On the 1st of February, 1881, D. M. Russell, W. H. Stovall, and H. P. Reid appeared, and as individuals and members of an executive committee appointed at a mass meeting of the several owners of the lands charged with the payment of the assessment, asked an injunction against the collection of the assessment that had been made, setting forth in their petition why the proceedings were illegal and unjust. The amount with which the petitioners, as individuals, were severally charged was as follows: Russell, $7.58; Stovall, $205.14; and Reid, who was assessed only as an

agent or attorney, $229.29. No single individual among all the parties represented by the committee could in any event be made liable for an amount exceeding $2,500. On the presentation of the petition the court granted a preliminary injunction, but on final hearing that injunction was dissolved and the petition dismissed. From the last order this appeal was taken, which the appellee now moves to dismiss because the amount in dispute between him and any one of the several persons charged with the payment of the assessment is less than $5,000.

While the appellants, and those whom they have been chosen to represent, are all interested in the question on which their liability to the appellee depends, they are separately charged with the several amounts assessed against them. There is no joint responsibility resting on them as a body. The proceeding on his part was to require each of the several landowners in the levee district to pay his separate share of the debt that had been established against the district. The recovery was against each owner separately. While the appellants were permitted, for convenience and to save expense, to unite in a petition setting forth the grievances of which complaint was made, their object was to relieve each separate owner from the amount for which he personally, or his property, was found to be accountable. An injunction, if granted, would necessarily be to prevent the appellee from collecting from each owner the amount for which he was separately liable. It is clear that under the rulings in *Paving Company* v. *Mulford* (100 U. S. 147), *Seaver* v. *Bigelows* (5 Wall. 208), *Rich* v. *Lambert* (12 How. 347), *Stratton* v. *Jarvis* (8 Pet. 4), and *Oliver* v. *Alexander* (6 id. 143), such distinct and separate interests cannot be united for the purpose of making up the amount necessary to give us jurisdiction on appeal. Although the amount due the appellee from the levee district exceeds $5,000, his claim on the several owners of property is only for the sum assessed against them respectively. Any owner can relieve himself and his property from all further liability for the district by paying his part of the assessment.

*Appeal dismissed.*