SIOUX FALLS NAT. BANK *v.* SWENSON *et al.*

(*Circuit Court, D. South Dakota.* January 5, 1892.)

1. TAXATION OF NATIONAL BANKS—INJUNCTION—FEDERAL QUESTION.
   A bill to enjoin the collection of taxes assessed against a national bank and against the stockholders on their shares, on the grounds that the taxation was double, that the stockholders were not allowed to set off debts against the valuation of their shares, and that the board of equalization illegally increased the assessment, raises the federal question of the validity of the tax, under Rev. St. U. S. § 5219, prescribing the method in which national bank shares may be taxed.

2. SAME—JURISDICTIONAL AMOUNT—HOW ASCERTAINED.
   Comp. Laws S. D. § 1570, makes it the duty of a bank and its officers to retain so much of the dividends belonging to its stockholders as shall be necessary to pay the taxes levied upon their shares until the tax has been paid, but does not require the bank to pay the tax out of the fund thus retained. *Held*, that when a national bank sues in its own behalf and for its individual stockholders to enjoin the collection of a tax assessed against the capital stock, and also against the shares as the property of the stockholders, and does not aver that it has in its hands or under its control any dividend belonging to stockholders which could be applied to pay the taxes, the proceeding is in separate and distinct rights; and the jurisdictional amount must be determined by the amount of the tax against each complainant, and not by the aggregate tax against all.

In Equity. Suit by the Sioux Falls National Bank against Ole S. Swenson and others to enjoin the collection of taxes.

*Keith & Bates,* for complainant.

*D. R. Bailey, C. L. Brockway,* and *Park Davis,* for defendants.

Before SHIRAS and EDGERTON, JJ.

SHIRAS, J. The bill in this cause is filed by complainant, the Sioux Falls National Bank, in its own behalf, and also in behalf of its stockholders, for the purpose of restraining the collection of certain taxes assessed for the year 1890 against said bank and its shareholders for state, county, and city purposes, the defendants being the county treasurer of Minnehaha county, S. D., the county of Minnehaha, and the city of Sioux Falls. It is averred in the bill that, in addition to the assessment made against the several shareholders of said complainant bank, there was also assessed against said bank, upon its capital stock, the sum of $28,500, the same being in form an assessment made in the name of C. E. McKinney, the president of the bank, which said assessment was afterwards increased 75 per cent. by the state board of equalization; and it is charged that this assessment, and the taxes levied thereon, are illegal and void, because, in effect, the same is a double assessment. In the answer filed herein it is admitted that the assessment and the taxes based thereon are void, and it is averred that the board of county commissioners of Minnehaha county on the 31st day of January, 1891, adopted a resolution declaring the assessment and the taxes levied thereon null and void.

There is some question as to the power of the board to thus annul taxes payable to the state and city, and therefore the complainant seeks an injunction restraining the enforcement of the taxes admitted to be illegally assessed. Touching the assessment made against the several shareholders in the bank, it is averred in the bill that the assessor, in the first

instance, assessed the several shareholders upon a valuation of substantially 75 per cent. upon the full value of the stock, and that the assessor, in making the assessment of personal property and moneyed capital in said city of Sioux Falls, aimed to assess the same upon the basis of two-thirds of its actual value, and that persons owning credits other than bank-stock were allowed to deduct therefrom the amount of *bona fide* indebtedness owing by them, respectively. It is further averred that, at the time the assessor was making the named assessment, certain of the shareholders in the complainant bank claimed exemption from assessment on the bank shares held by them, because the indebtedness owing by them exceeded the value of the shares of stock held by them, but that such exemption was refused by the assessor as well as by the county board of equalization, before whom the same claim on behalf of said shareholders was duly presented. It is also averred that the state board of equalization increased the assessment of the shares of bank-stock 75 per cent., and that the taxes for state, county, and city purposes were levied upon the basis of this increased assessment, which it is averred is illegal and void. It is further shown in the bill that the shareholders, who do not claim deductions on account of indebtedness, have tendered the amount of tax due from them upon the basis of the assessment made by the assessor in the first instance. To the portions of the bill that are applicable to the assessment made against the shareholders a demurrer is interposed, and the case is submitted upon the bill, answer, and demurrer.

Objection is taken, in the first instance, to the jurisdiction of the court, on the double ground that the controversy is not within federal jurisdiction, and, further, that, if it is, the remedy at law is adequate, and therefore this proceeding in equity cannot be sustained. Under the provisions of section 4 of the act of August 13, 1888, (25 St. at Large, 436,) for jurisdictional purposes national banks are deemed to be citizens of the state wherein they are located. The complainant and defendants are therefore citizens of the same state, and, if jurisdiction exists, it must be because the controversy arises under the laws of the United States. The contention of complainant, which we hold to be well founded, is that the matter in dispute arises under the laws of the United States, for the reason that the controversy is whether the method of assessment pursued was or was not a violation of the provisions of section 5219 of the Revised Statutes of the United States.

But under the statute now in force, to-wit, the act of August 13, 1888, the circuit court of the United States has not jurisdiction of cases arising under the constitution or laws of the United States, unless the amount involved, exclusive of interest and costs, exceeds $2,000. According to the averments of the bill, the assessment against the bank, made in the name of its president, was finally placed at $35,625, upon which sum was levied in the aggregate, for state, county, and city purposes, taxes to the amount of 34 mills on the dollar. The amount thus levied was less than $2,000. The highest assessment against any single stockholder is that against C. E. McKinney for the sum of $39,501, and

the total tax levied thereon is less than the jurisdictional amount. Thus it appears that, to reach the requisite sum, the amount of tax assessed against two or more of the parties in interest must be added together. Is this permissible? In considering this question the provisions of the statute of South Dakota, in regard to the duty of the corporation touching the taxes assessed against the shareholders, must be kept in mind. By section 1570 of the Compiled Laws of the state, it is made the duty of the bank, or of the managing officers thereof, to retain so much of the dividends belonging to the shareholders as shall be necessary to pay the taxes levied upon the shares of stock, until the tax has been paid; and any officer of the bank paying any dividend before the tax of the shareholder has been paid, is made personally liable for the unpaid tax. The statute, however, does not impose the duty of paying the tax out of the dividends upon the bank. The bank, therefore, cannot be said to have under its charge a fund to be by it distributed in payment of the taxes assessed against the shareholder, and in this respect the statute of South Dakota differs from the statute of Kentucky, which was under consideration in *Bank* v. *Com.*, 9 Wall. 353, and which authorized a judgment against the bank, if it refused to pay the taxes assessed against the shareholders; and it also differs from the statute of Ohio, which provided that the bank might pay the tax; and which the supreme court held, in *Cummings* v. *Bank*, 101 U. S. 153, was substantially the same as the Kentucky statute. Furthermore, it is not averred in the bill that there is in the hands or under the control of the complainant any dividend belonging to the stockholders which could, under any circumstances, be applied to the payment of the taxes; and hence it is not, in any way, made to appear that the bank has a fund in excess of $2,000 which is involved in this controversy, or that it can be made liable in any way for the payment of the taxes assessed against the shareholders. Hence there is no claim asserted against the bank, or in which it may be said to be interested as trustee or otherwise, other or different from the several claims based upon the taxes assessed against the bank in the name of its president, and against the shareholders individually.

Can these be aggregated together in order to reach the jurisdictional amount? In determining the jurisdiction of the supreme court upon appeal or writ of error, that court has been repeatedly called upon to determine "when the matter in dispute"—which is the phrase used in sections 691 and 692 of the Revised Statutes, regulating appeals and writs of error to the supreme court, as well as in section 1 of the act of August 13, 1888, prescribing the jurisdiction of the circuit courts—exceeds the limit named in the statute, and these decisions are therefore pertinent to the question now under consideration. In *Seaver* v. *Bigelow*, 5 Wall. 208, in which several creditors having judgments, no one of which exceeded $2,000, united in a creditors' bill to reach a fund in excess of that sum, it was held that an appeal did not lie, it being said:

"It is true, the litigation involves a common fund, which exceeds the sum of $2,000, but neither of the judgment creditors has any interest in it exceeding the amount of his judgment. Hence, to sustain an appeal in this class

of cases, where separate and distinct interests are in dispute of an amount less than the statute requires, and where the joinder of parties is permitted by the mere indulgence of the court, for its convenience and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law."

In *Paving Co.* v. *Mulford,* 100 U. S. 147, which was a suit in equity, it was held that—

"It is well settled that neither co-defendants nor co-complainants can unite their separate and distinct interests for the purpose of making up the amount necessary to give us jurisdiction on an appeal."

In *Russell* v. *Stansell,* 105 U. S. 303, an injunction was sought by three parties, suing for themselves and a number of others, for the purpose of restraining the collection of an alleged illegal assessment made on their property to meet a decree rendered against a levee board in Mississippi. The circuit court dismissed the bill, and an appeal was taken to the supreme court, which in turn dismissed the appeal for want of jurisdiction, on the ground that it did not appear that the tax assessed against any one of the property owners exceeded $2,000 in amount. In passing upon the question the court held:

"While the appellants, and those whom they have been chosen to represent, are all interested in the question on which their liability to the appellee depends, they are separately charged with the several amounts assessed against them. There is no joint responsibility resting on them as a body. The proceeding on his part was to require each of the several land-owners in the levee district to pay his separate share of the debt that had been established against the district. The recovery was against each separately. While the appellants were permitted, for convenience' sake and to save expense, to unite in a petition setting forth the grievances of which complaint was made, their object was to relieve each separate owner from the amount for which he personally, or his property, was found to be accountable. An injunction, if granted, would necessarily be to prevent the appellee from collecting from each owner the amount for which he was separately liable. It is clear that, under the rulings in *Paving Co.* v. *Mulford,* 100 U. S. 147; *Seaver* v. *Bigelow,* 5 Wall. 208; *Rich* v. *Lambert,* 12 How. 347; *Stratton* v. *Jarvis,* 8 Pet. 4; and *Oliver* v. *Alexander,* 6 Pet. 143,—such distinct and separate interests cannot be united for the purpose of making up the amount necessary to give us jurisdiction on appeal."

In *Hawley* v. *Fairbanks,* 108 U. S. 543, 2 Sup. Ct. Rep. 846, several parties, having separate judgments against the town of Amboy, united in a petition for a writ of *mandamus* to compel a county clerk to levy a tax sufficient to pay the judgments in question. The trial court granted the writ, commanding the clerk to extend upon the tax collector's book a sum sufficient to pay each of the several judgments held by the relators. To reverse this judgment a writ of error was sued out, and in the supreme court a motion to dismiss was made on the ground that the amounts of the several judgments could not be added together to make out the amount requisite to confer jurisdiction on the supreme court. The court held that the proceeding embraced distinct causes of action in favor of different parties, and that the amounts due the several relators could not be added together, but that the jurisdiction depended

upon the question whether the amount due any single relator was sufficient to confer jurisdiction. The record showed that the amount due one of the relators exceeded the jurisdictional amount, and the court retained the case as to that relator, but dismissed the writ as to all the others. In the opinion delivered in *Gibson* v. *Shufeldt*, 122 U. S. 27, 7 Sup. Ct. Rep. 1066, will be found an exhaustive review of the prior decisions on this subject. See, also, *Clay* v. *Field*, 138 U. S. 464, 11 Sup. Ct. Rep. 419, and *Henderson* v. *Coke Co.*, 140 U. S. 25, 11 Sup. Ct. Rep. 691.

The rule deducible from these authorities is, that jurisdiction is not conferred because a number of persons are interested in a given question, and the aggregate of the several claims may exceed the amount requisite for jurisdiction. The "matter in dispute," within the meaning of the statute, is not the principle or rule of decision which is involved in the controversy, and which may be common to the interests of all the parties to the litigation, but it is the money value which is at stake; and the claims of the several parties cannot be added together to form the matter in dispute, unless each party has an undivided interest in a claim to the property that is the subject of the litigation.

In the case now before the court the bank and its shareholders are all interested in the questions involved in the legal proposition touching the validity or invalidity of the mode of assessment pursued, but the money interest they have in the litigation is separate and distinct. The tax assessed against the bank is separate and distinct from that assessed against the shareholders, and the tax assessed against one shareholder cannot be collected from another. If the tax collector should undertake to enforce the payment of the taxes complained of, he would proceed against the property of each shareholder separately for the tax due from him alone. The bank and each one of the shareholders could have commenced a separate action to restrain the collection of the tax assessed against each one, and in such case neither of the complainants would have had any money interest in the cases brought on behalf of the other shareholders. As the case now stands, the bank and its shareholders are interested alike in the legal propositions arising on the record, but there is no common or undivided interest in any property, nor in any fund, nor in a tax assessed in a lump against property owned in common. The assessment and tax is against each one separately, and the money interest each one has in the litigation is measured by the amount of the tax assessed against him individually. That is the extent of the money interest each one has in the suit, and the case, therefore, is one wherein for convenience' sake, and to save cost and expense, one suit may be brought to settle the rights of all; but the money claims involved are separate and distinct, and the amount thereof cannot be added together for the purpose of conferring jurisdiction upon this court. It is clear from the record that, had separate suits been brought by each shareholder for the purpose of canceling the assessment complained of, none of them could have been maintained in this court, because none would have involved a sum exceeding $2,000; and under the authorities cited it is equally clear

v.48F.no.8—40

that, while the joinder of separate and distinct claims or rights of action may be permitted under proper circumstances, for convenience' sake, and to prevent a multiplicity of suits, and to escape unnecessary costs, it is not permitted to add together the several and distinct money interests belonging to the litigants, in order to create a jurisdiction which does not otherwise exist. As it appears from the face of the record that none of the distinct and several amounts of taxes assessed against the bank and its shareholders exceeds $2,000, it is clear that the controversy does not embrace a matter in dispute exceeding that sum which, under the statute, is a requisite to the jurisdiction, and, being without jurisdiction, all that the court can do is to dismiss the bill for that reason.

EDGERTON, J., concurs.