WHELESS et al. v. CITY OF ST. LOUIS et al.

(Circuit Court, E. D. Missouri, E. D.   October 11, 1899.)

No. 4,234.

JURISDICTION OF FEDERAL COURTS—JURISDICTIONAL AMOUNT—JOINDER OF COM-
    PLAINANTS.

   Under the settled rule that distinct demands or liabilities cannot be
   aggregated for the purpose of making up the amount necessary to give
   jurisdiction, although such rights or liabilities arise out of the same trans-
   action, the owners in severalty of lots abutting on a city street cannot
   by joining as complainants maintain a suit in a federal court to enjoin
   the city from making an assessment against such lots, where the assess-
   ment against the property of no one complainant will equal $2,000; and
   the rule is the same whether the assessment has been levied, or is merely
   threatened.[1]

On Demurrer to Plea to the Jurisdiction.

Joseph Wheless and Lee W. Grant, for complainants.

B. Schnurmacher, C. Claflin Allen, and Kehr & Tittman, for defend-
ants.

ADAMS, District Judge.   This is a bill to restrain the city of St.
Louis and the president of the board of public improvements of the
city from making an assessment and levying the same against the
property abutting on Whittier street, between Washington avenue
and Finney avenue, to pay the cost and expense of paving that part
of Whittier street.   It is alleged that the defendants are proceeding
to improve that part of the street under and pursuant to the provi-
sions of the charter of the city, an ordinance passed by the municipal
assembly of the city, and a contract made between the city and the
defendant the Gilsonite Roofing & Paving Company, whereby assess-
ments are contemplated and intended to be made against abutting
property, not according to the benefits which the property receives as
a result of the improvements, but in the arbitrary proportion which
the linear feet of each lot fronting or bordering on the improvement
bear to the total number of linear feet so bordering thereon; that
under the provisions of the charter, ordinance, and contract, the
complainants' property bordering on the street is made subject to a
tax or charge without due process of law, and in violation of the
fourteenth amendment of the constitution of the United States.
There are several complainants in this case, each owning separate
lots abutting the street, but none of them liable to be assessed for
an amount equal to $2,000, the minimum jurisdictional amount of
this court in such cases.   The amounts which the property of all the
complainants are liable to be assessed, according to the averments of
the bill, aggregated together, largely exceed $2,000.   There is no
showing by the bill that any of the complainants own or are interest-
ed in any of the other lots, except that which it is averred he himself

---

[1] As to jurisdiction of circuit courts as determined by the amount in con-
troversy, see note to Auer v. Lombard, 19 C. C. A. 75, and, supplementary
thereto, note to Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

owns. In other words, the bill shows that the complainants have several interests, each according to his ownership of the property abutting the improvements, and in no sense a joint interest in all the lots. The question is whether this court has jurisdiction to hear and determine this controversy. This question has received the consideration of the supreme court of the United States in many cases, and, as a result of them all, the following proposition may be considered as settled:

"If several persons be joined in a suit in equity, * * * and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction. But where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arise out of the same transaction, * * * such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction. * *. *" Clay v. Field, 138 U. S. 464, 11 Sup. Ct. 419, and cases there cited.

Cases in which parties may aggregate their demands for jurisdictional purposes are illustrated by Shields v. Thomas, 17 How. 3, and other cases referred to in the leading case of Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066. The other class of cases in which complainants are not allowed to aggregate their demands for jurisdictional purposes are illustrated by Ex parte Baltimore & O. R. Co., 106 U. S. 5, 1 Sup. Ct. 35, and a large number of cases therein referred to, and also by cases cited and commented upon in Gibson v. Shufeldt, supra. It does not seem necessary to discuss or distinguish between these many cases. It will be found that they enforce the distinction already pointed out. The question, therefore, now before the court for determination is, to which class does the case now under consideration belong? In my opinion, it clearly belongs to the class last mentioned. It is a case in which many parties may be proper, but not necessary. The whole relief to which all claim to be entitled could as well be secured at the suit of any one of them. In other words, the controversy is several in its nature, in its object, and in its result. The right to be protected is several and individual. The wrong to be redressed is personal, and not collective in any sense. The matter in controversy between complainant Wheless and the city of St. Louis is one which concerns Wheless alone, and the right of the city of St. Louis to take his property, and the right to the tax which it might impose, is in no manner dependent upon whether the city proceeds against any one or more of the complainants in this case. It may be, and undoubtedly is, true that some of the facts available to Wheless may also be available to complainant Barnhart,—in other words, that their rights or liabilities arise out of the same transaction, or the same alleged unlawful action threatened to be taken by the defendants, and that their rights may be affected by the same facts,—but these circumstances do not entitle them to aggregate their demands for jurisdictional purposes. Clay v. Field, supra.

In reaching a conclusion with regard to the correct principles to be applied in this case, I have been very materially aided by the fact that the supreme court of the United States has, in the case of Ex

parte Baltimore & O. R. Co., supra, and in the case of Gibson v. Shufeldt, supra, critically considered all of the many cases before that time passed upon by them relating to this subject; and, in recurring to the opinions in these two cases, it is found that the cases of Shields v. Thomas, 17 How. 3; Market Co. v. Hoffman, 101 U. S. 112; The Connemara, 103 U. S. 754; The Mamie, 105 U. S. 773,— upon which complainants' counsel rely, have been judicially determined to have no application to cases like the present. They are all classified by the supreme court as belonging to the cases where the controversies are about matters in which the several complainants were interested collectively under a common title, and for that reason proper cases for the aggregation of claims on the part of numerous complainants in order to make up the jurisdictional amount. It is also found that the cases last referred to as relied upon by complainants' counsel are distinguished from the other class of cases in which the cause of action grows out of the same transaction merely, involving no common title or undivided interest, such as Seaver v. Bigelows, 5 Wall. 208, Paving Co. v. Mulford, 100 U. S. 147, and Russell v. Stansell, 105 U. S. 303; so that, if any particular expressions are found in any of the first-mentioned series of cases which might be seized upon as seeming authority for the contention of the complainants, it must be borne in mind that all those cases have been classified by the supreme court as belonging to a class not like that before the court. In this connection, and for the same purpose, see, also, Henderson v. Wadsworth, 115 U. S. 264, 6 Sup. Ct. 40. Although I do not think it necessary, as already stated, to separately consider the great array of cases bearing on this subject, there are two or three of them which seem to me to be so entirely apposite to the facts in the case under consideration, that I deem it best to refer to them somewhat more particularly.

In the case of Hawley v. Fairbanks, 108 U. S. 543, 2 Sup. Ct. 846, several persons, who were owners of bonds of the town of Amboy, Ill., united as relators in an application to the circuit court of the United States for a mandamus requiring the county clerk to compute and assess upon all the taxable property in the town a sufficient sum to pay the judgments obtained by the relators. One of the relators had a demand in excess of the jurisdictional amount. None of the others had a demand equal to the required jurisdictional amount. The trial court awarded a writ of mandamus, directed to the county clerk, commanding him to extend upon the tax collector's book of the town a sufficient sum to pay each of the several judgments held by the relators. To reverse that judgment a writ of error was taken to the supreme court of the United States. The court say:

"We are met at the outset with a motion of the defendants in error to dismiss the writ in this case on the ground that the several judgments proceeded upon below cannot be united to give jurisdiction."

The court sustained the motion as to all except one, who had an amount which was sufficient, and remarked as follows:

"In the present case distinct causes of action in favor of distinct parties were united, for convenience and to save expense in one suit, and distinct orders were made in favor of each one of the several judgment creditors."

It seems to me that the same argument which is made by counsel for the complainants in this case, if sound, would have applied to that case. In that case, it is true, there was not an attempt to enjoin the collection of taxes, but there was an attempt to enforce the collection of a tax. So far as the town of Amboy was concerned, it was one tax which was sought to be enforced, just as in the case now before the court, so far as the city of St. Louis is concerned, it is one tax that is sought to be enjoined; and, if the total of the tax sought to be collected in the Hawley Case was not considered in determining the jurisdiction of the court, it is not apparent how the whole amount of the tax sought to be enjoined in the case at bar can be considered in determining the jurisdiction.

In the case of Russell v. Stansell, 105 U. S. 303, the controversy arose over the action of Stansell in securing from the levee board of Mississippi district No. 1 an assessment of taxes for the collection of a judgment before that time obtained by Stansell against the levee board. It was claimed that the proceedings resulting in the assessment were illegal and unjust, and certain individuals who were assessed in small amounts, underneath the jurisdiction of the court, brought a bill to enjoin the further proceedings on the part of the board for the collection of the tax. It appeared in that case, as in this, that no single individual among all the parties complainant could in any event be made liable for an amount equal to the jurisdictional amount required for an appeal. On the presentation of the petition the court granted a preliminary injunction, but on final hearing the injunction was dissolved and the petition dismissed. From the last order an appeal was taken to the supreme court of the United States. The appellee, Stansell, moved to dismiss because the amount in dispute between him and any one of the several persons charged with the payment of the assessment was less than $5,000, the jurisdictional amount of the supreme court of the United States. The court in its opinion in that case say:

"While the appellants and those whom they have chosen to represent are all interested in the question on which their liability to the appellee depends, they are separately charged with the several amounts assessed against them. There is no joint responsibility resting upon them as a body. The proceeding on his [Stansell's] part was to require each of the several landowners of the levee district to pay his separate share of the debt that had been established against the district. The recovery was against each owner separately. While the appellants were permitted, for convenience and to save expense, to unite in a petition setting forth the grievances of which complaint was made, their object was to relieve each separate owner from the amount for which he personally, or his property, was found to be accountable. An injunction, if granted, would necessarily prevent the appellee from collecting from each owner the amount for which he was separately liable. It is clear that under the rulings in Paving Co. v. Mulford, 100 U. S. 147; Seaver v. Bigelows, 5 Wall. 208; Rich v. Lambert, 12 How. 347; Stratton v. Jarvis, 8 Pet. 4; and Oliver v. Alexander, 6 Pet. 143,—such distinct and separate interests cannot be united for the purpose of making up the amount necessary to give us jurisdiction on appeal."

It is clear—and seems to have been so conceded by counsel on the argument of this case—that the principles governing the right of an appeal to the supreme court of the United States, in so far as the

amount is concerned, requisite to confer jurisdiction upon the supreme court of the United States in such appeal, are the same as those involved in considering the amount requisite to give jurisdiction to this court in an original proceeding. Such being the case, the authority of Russell v. Stansell, supra, seems to be entirely applicable and controlling here. In the case now under consideration several persons unite in a petition, just as they did in the Russell Case, setting forth the grievances of which they complain. The object in this case, as it was in that, is to relieve each separate owner from the amount for which he personally, or his property, may be found accountable. And inasmuch as it appears that no one of the complainants is liable, or can be made liable, by the proceeding against which they complain, in an amount equal to $2,000, this court, following the doctrine of the supreme court, has no jurisdiction, and can afford no relief.

It was suggested in argument that a different rule is applicable to a case where no assessment has been in fact made, from that which is applicable to a case where an assessment has already been made, like the Russell Case. I am not able to appreciate the force of this distinction. In either of such cases the purpose sought to be accomplished is to declare the proceedings about to be taken, or which have been taken, to enforce a payment of certain taxes, illegal and unwarranted in the law; and, in my opinion, it makes no difference in the applicatory principles whether the defendants have taken one of the initial steps towards consummating the alleged illegal act of subjecting complainants' property to an unlawful charge, or whether they have taken none of them, but are threatening and intending so to do.

Counsel for complainants rely specially upon the cases of Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. 4, and Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308. Concerning the first of these cases, it appears that the chief justice, who wrote the opinion, in reaching a conclusion found and held that all the relators claim under one and the same title, namely, the levy of taxes already made expressly for their benefit, and therefore that they, and each and all of the relators, have a common interest in the tax; and, inasmuch as it was immaterial to the collector whether he paid it to one or another of the complainants, the chief justice properly classifies this case with those of Shields v. Thomas, supra, and other cases in which aggregation of claims may be made for jurisdictional purposes. In the other of the cases so relied upon the chief justice, in delivering the opinion of the court, properly stated that the main question at issue was the validity of the bonds, and that involved the levy and collection of taxes for a series of years to pay the interest thereon, and finally the principal thereof, and not the mere restraining of a tax for a single year, and for this reason held that the rule applicable to complainants each claiming under a separate and distinct right in respect to a separate and distinct liability contested by the adverse party was not applicable to that case.

As a result of all the cases, and especially by the authority of the cases of Hawley v. Fairbanks, supra, and Russell v. Stansell, supra,

I am of the opinion that the court has no jurisdiction in the present case. It results from this holding that the demurrer to the plea to the jurisdiction of the respondents must be overruled.