## SAN JUAN FRUIT CO. v. CARRILLO et al.

(Circuit Court of Appeals, First Circuit. July 7, 1925.)

No. 1837.

1. Courts ⬦438—District Court of Porto Rico without jurisdiction of proceeding to recover distinct parcels of land, except one which was alleged to exceed $3,000 in value.

District Court of Porto Rico, sitting as a federal court, was without jurisdiction of controversies by which plaintiff sought to recover possession of numerous distinct parcels of land, each of which was held and possessed by one or some of defendants claiming title to same in severalty and not jointly, except that parcel which was alleged to exceed $3,000 in value, where bill nowhere charged that any of parcels except one was in excess of value of $3,000, or that controversy involved in respect to any of separate parcels, except one, exceeded $3,000.

2. Quieting title ⬦13—District Court of Porto Rico without jurisdiction in equity of suit by plaintiff to establish its title to land in possession of defendant.

District Court of Porto Rico, sitting as a federal court, was without jurisdiction of a suit in equity by plaintiff out of possession, claiming title to a distinct parcel of land in possession and occupancy of defendant, to establish its title and recover possession, by alleging that title under which defendant claimed had been decreed to be a dominion title by another court of competent jurisdiction through fraud perpetrated by defendant or his predecessors in title.

Appeal from the District Court of the United States for the District of Porto Rico; Arthur F. Odlin, Judge.

Bill by the San Juan Fruit Company against Salome Carrillo and others. From decree of dismissal, plaintiff appeals. Affirmed.

E. B. Wilcox, of San Juan, Porto Rico, for appellant.

Henry G. Molina, of San Juan, Porto Rico, for appellees.

Before BINGHAM, JOHNSON and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the federal District Court for Porto Rico dismissing a bill in equity brought by the San Juan Fruit Company, a New York corporation, against some 48 individual defendants, citizens of the United States resident and domiciled in Porto Rico.

The bill alleges that the plaintiff is the owner in fee and entitled to immediate possession of a tract of land containing 64 acres, more or less, describing it; that this tract is composed of three tracts—one of 52 acres, one of 30 acres, and one of 8 acres, more or less, describing each—which tracts by measurement in fact contain 64 acres; that the plaintiff obtained title to the 64-acre tract October 22, 1902, by notarial deed from Strong and Honer, recorded in Book 14, p. 86, of the Records of Rio Piedras; that Strong and Honer obtained title August 2, 1906, from Newton L. Reed by notarial deed which was recorded; that Reed obtained title August 30, 1904, from the San Juan Fruit & Land Company by notarial deed which was duly recorded; that the San Juan Fruit & Land Company obtained title June 19, 1902, from Eleuterio Landrau by notarial deed, which was recorded in the Records of Bayamon, Book 1, p. 83; that Landrau obtained dominion title June 12, 1902, to the tract in question, together with other land, in the District Court of San Juan; that said 64-acre tract is worth more than $5,000; that the defendants are in wrongful possession of said 64-acre tract without right, title, or interest therein; and claim said tract of land adversely.

That prior to 1897 the 52-acre tract belonged to the Sisterhood of Carmelite Nuns in Porto Rico; that in that year the defendants herein, and others under whom they claim title, having wrongfully entered upon said tract of land and being in occupation thereof, Father Manuel Diaz Canejo, a Roman Catholic priest, as the administrator and representative of the sisterhood, brought action of "Conciliation" in the then Municipal Court of Rio Piedras, the purpose of which was to ascertain whether said persons claimed any ownership in said tract or opposed the ownership of the sisterhood; that said persons appeared and denied that they had any right, title, or interest in the tract and acknowledged the sisterhood to be the owner; that later the sisterhood sold the tract of 52 acres to Eleuterio Landrau, the plaintiff's predecessor in title; that after the determination of the Conciliation suit

said persons proposed to pay a monthly rental for living on the tract, which was agreed to by the sisterhood and by Landrau after he had purchased; that later the said persons failed to pay their rent as agreed, and in 1899 Landrau, then the owner, brought a suit of ouster against them and secured a judgment of ejectment; that said persons then having procured Landrau not to execute said judgment promised to pay the rental and were allowed to remain in possession; that this agreement continued in force, and in 1902 Landrau secured a dominion title to the 64-acre tract, which included the 52-acre tract, and sold the same to the San Juan Fruit & Land Company, giving deed therefor as above stated; that the San Juan Fruit & Land Company having made numerous attempts to secure possession, said persons brought suits in the District Court of San Juan against that company in which they sought to have the dominion title obtained by Landrau on June 12, 1902, declared null and void and to have themselves decreed the owners of the 52-acre tract, alleging that they were in possession and were the owners thereof by purchase and inheritance from one Victorian Coto; that said cause was tried upon the merits and judgment rendered in favor of the company, the plaintiff's predecessor in title; that the defendants herein are in possession of said 52-acre tract and living thereon; that on March 25, 1914, the present plaintiff brought a suit in ejectment in the District Court of the United States for Porto Rico against the defendants herein or those under whom they claim title, alleging that it was the owner of the tract of 52 acres and entitled to immediate possession; that on motion of said defendants the suit was dismissed on the ground that the claimed rights of the defendants were several, each claiming a parcel thereof, and not jointly; that the suit was not dismissed on its merits but for misjoinder of parties; that within a few weeks thereafter certain of the defendants or those under whom they claim title, with knowledge of the foregoing facts, applied to the District Court of San Juan for dominion title of certain small tracts, knowing that the tract described by each in his or her petition for dominion title was within the tract of 52 acres of which the plaintiff had a recorded dominion title, and falsely and fraudulently stated and represented to that court in their petition and sworn testimony that no recorded title to the tract described by each existed and that each had been in peaceful and uninterrupted possession, in some cases, for more than 20 and in others for more than 30 years; that the plaintiff was not aware of the proceedings and from the descriptions given could not know that the respective parcels were included in the 52-acre tract; that the defendants who have recorded dominion titles and deeds of small tracts within the 52-acre tract are: Dolores Nieves, having a tract of land composed of 4.204 acres, describing it; Matea Coto, having a tract of land composed of 5.22 acres, describing it; Salome Carrillo, having a tract of 3.589 acres, describing it; Justino Diaz, having a tract composed of ½ acre, describing it; Maria Ysidora Morales y Morales (also known as "Dolores"), having a tract composed of 10 acres, describing it; Carlos, Juana, Francisca and Nicasio Marin, having a tract composed of 2½ acres, describing it; Santos Mejia Nigaglioni, having a tract composed of 4 acres, describing it; Santos Mejia Nigaglioni, having a tract composed of 2.600 square meters, describing it; and Vicente and Esteban Garcia Diaz, having an undivided interest in the tract composed of 2½ acres previously described as claimed by Carlos, Juana, and Francisca and Nicasio Marin. That as to the defendants other than those herein specially and previously named the plaintiff has no knowledge of the area or bounds of their said holdings, but alleges that all the defendants claim title by inheritance or purchase from the same source, from an unrecorded deed from one Victoriano Coto; that any and all the tracts of land claimed by the defendants lie within the 52-acre tract; that the defendants possessing the tracts particularly named herein obtained their dominion titles in fraud of the plaintiff, without its knowledge and without notice to the plaintiff, and that it learned of their proceedings to obtain dominion title only by accident within a few months prior to the bringing of this suit; that the aforementioned tract of land of which Maria Ysidora Morales y Morales claims dominion title is worth in excess of $3,000; that this defendant and her husband, knowing the complainant's right and title to this tract of land, have built houses upon it and made other improvements which are worth, together with the tract of land, a sum in excess of $5,000; that the remedy at law is inadequate, and would involve the bringing of a multiplicity of actions unless it could maintain this proceeding in equity; that it is entitled to receive the rents and profits from

the 52-acre tract; that the plaintiff has not been guilty of laches. And prays that the dominion titles obtained by any of the defendants and the deeds under which they profess to hold be declared null and void; that the records of titles and the deeds in their favor be canceled on the books of the registry of property; that the plaintiff be adjudged the owner of the 52-acre tract and all the houses built thereon and the improvements made on the same; and that the defendants be charged with rents and profits.

[1] It is apparent from a reading of the bill that this is a proceeding in which the plaintiff seeks to recover possession of numerous distinct parcels of land, some of which it describes and more of which it does not, each of which is held and possessed by one or by some of the numerous defendants claiming title to the same in severalty, not jointly, and that the bill nowhere charges that any of the parcels, except one, is in excess of the value of $3,000 or that the controversy involved in respect to any of the separate parcels, except one, exceeds $3,000. This being the case, the District Court, as a federal court, was without jurisdiction as to any of the controversies between the plaintiff and respective defendants, except that between it and Maria Ysidora Morales y Morales, which is alleged to exceed $3,000. Indeed, it is admitted by the appellant in its brief that "none of these cases could be tried in the United States Court in P. R. except one," because the several controversies do not involve the jurisdictional amount.

In Walter v. Northeastern Railroad Co., 147 U. S. 370, 373, 13 S. Ct. 348, 349 (37 L. Ed. 206), the court said:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff. This was the distinct ruling of this court in Seaver v. Bigelows, 5 Wall. 208 [18 L. Ed. 595]; Russell v. Stansell, 105 U. S. 303 [26 L. Ed. 989]; Farmers' Loan & Trust Co. v. Waterman, 106 U. S. 265 [1 S. Ct. 131, 27 L. Ed. 115]; Hawley v. Fairbanks, 108 U. S. 543, 2 S. Ct. 846, 27 L. Ed. 820; Stewart v. Dunham, 115 U. S. 61, 5 S. Ct. 1163, 29 L. Ed. 329; Gibson v. Shufeldt, 122 U. S. 27, 7 S.

Ct. 1066, 30 L. Ed. 1083; Clay v. Field, 138 U. S. 464, 11 S. Ct. 419, 34 L. Ed. 1044.

"As illustrative of the rule as applied to cases of joint defendants, it was held in Stratton v. Jarvis, 8 Pet. 4 [8 L. Ed. 846], that, where a libel for salvage was filed against several packages of merchandise, and a decree was rendered against each consignment for an amount not sufficient in itself to authorize an appeal by any one claimant, the appeal of each claimant must be treated as a separate one, and, the amount in each case being insufficient, this court had no jurisdiction of the appeal of any claimant. A similar ruling was made in Spear v. Place, 11 How. 522 [13 L. Ed. 796]. In Paving Co. v. Mulford, 100 U. S. 147 [25 L. Ed. 591] a bill, filed against two defendants, alleging that each held certificates of indebtedness belonging to the plaintiff, was dismissed on final hearing, and plaintiff appealed, and it was held that, as the recovery, if any, must be against the defendants severally, and as the amount claimed from each did not exceed the requisite sum, this court had no jurisdiction."

See, also, Ogden City v. Armstrong, 168 U. S. 224, 232, 18 S. Ct. 98, 42 L. Ed. 444; Wheless v. St. Louis, 180 U. S. 379, 382, 21 S. Ct. 402, 45 L. Ed. 583; Rogers v. Hennepin County, 239 U. S. 621, 36 S. Ct. 217, 60 L. Ed. 469; Scott v. Frazier, 253 U. S. 243, 40 S. Ct. 503, 64 L. Ed. 883.

Such being the situation, this proceeding could and properly should have been dismissed for want of federal jurisdiction as to all the defendants except Maria Ysidora Morales y Morales.

[2] The question remains whether, on the allegations of the bill, the District Court had jurisdiction in equity as to the controversy between the plaintiff and the defendant Morales.

It is clear that the plaintiff's claim to the right of equitable relief, so far as it is grounded on the prevention of a multiplicity of suits because of numerous defendants, is without foundation and that the question is: Whether a plaintiff, out of possession, claiming title to a distinct parcel of land in the possession and occupancy of the defendant, can maintain a suit in equity to establish its title and recover possession by alleging that the title under which the defendant claims had been decreed to be a dominion title by another court of competent jurisdiction, through fraud perpetrated by the defendant or his predecessors in title, and asking that the decree entered by such court be set aside

as null and void and the record in the registry, based on said decree, be canceled.

In the District Court it was held that this bill could not be maintained, either as a bill of peace, or as a bill quia timet or to remove a cloud upon the title, as the defendants, not the plaintiff, were in possession of the several tracts.

In Holland v. Challen, 110 U. S. 15, 19, 3 S. Ct. 495, 496 (28 L. Ed. 52), it is pointed out that "a bill of peace against an individual reiterating an unsuccessful claim to real property would formerly [in the absence of a statute] lie only where the plaintiff was in possession and his right had been successfully maintained;" that "to entitle the plaintiff to relief in such cases, the concurrence of three particulars was essential: He must have been in possession of the property, he must have been disturbed in its possession by repeated actions at law, and he must have established his right by successive judgments in his favor." Upon these facts appearing, the court would interpose and grant a perpetual injunction to quiet the possession of the plaintiff against any further litigation from the same source; and that to maintain a bill quia timet, or to remove a cloud upon the title of real estate, "it was generally necessary that the plaintiff should be in possession of the property, and, except where the defendants were numerous, that his title should have been established at law or be founded on undisputed evidence or long continued possession."

And in Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873, where the bill alleged that the plaintiff was the owner in the fee of the premises; that notwithstanding his ownership of the property and his right to immediate possession and enjoyment, the defendants claimed title to it and were in its possession, holding the same openly and adversely to him; that their claim of title was without foundation in law or equity; and that it was made in fraud of the rights of the plaintiff, and a demurrer was interposed on the ground, among others, that it appeared from the bill that the plaintiff had a plain, speedy, and adequate remedy at law, by ejectment, to recover the real property described, and that it showed no ground for equitable relief, the Supreme Court held that the ruling of the court below sustaining the demurrer was right; that, although the Code of Iowa authorized "an action to determine and quiet the title to real property * * * [to] be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession," and such statute had been construed by the courts of the state as authorizing a suit in equity to recover possession of real estate from the occupant, it did not enlarge the equity jurisdiction of the federal courts in that state when the defendant was in possession, as in such case there was a plain, adequate, and complete remedy at law, and that such a bill could not be maintained in the federal court.

Furthermore, if the District Court had jurisdiction in equity and in this proceeding the plaintiff could attack collaterally the judgment of the District Court of San Juan awarding dominion title to Morales, on the ground that it was procured by fraud, it is questionable whether it would not even then find it necessary to institute proceedings in the District Court of San Juan for a nullification of the judgment of that court and for an order for the cancellation of the record in the registry based thereon, even though it could be here found that the judgment and record of title in the registry were the result of the defendant's fraud.

The decree of the District Court is affirmed, with costs to the appellees, subject, however, to the right of the appellant, if it desires, to transfer the action, so far as it relates to Maria Ysidora Morales y Morales, to the law side of the court as permitted by equity rule 22.